## HERMAN VS. MASON.

37  273
74  351
37  273
84   39
37  273
87  583

EVIDENCE.   (1) *Entry of baptism in church register not evidence of infancy.*
NEW TRIAL.   (2) *Not grantable for newly discovered evidence, unless due diligence shown.*   (4, 5) *Erroneously granted in this case.*

1. Where the entry of a baptism in a church register states the date of the birth of the baptized person, it is not evidence of such date to prove infancy, where that is an issue.
2. A new trial should never be granted for newly discovered evidence, unless the moving party shows that he used due diligence to discover it before the trial, or to prove the same facts by other evidence.
3. It was error, therefore, to grant defendant a new trial for newly discovered evidence supposed to show that plaintiff was an infant when the cause of action accrued, where defendant did not show that he had used the slightest diligence before the trial to find evidence of plaintiff's age, though he had known both plaintiff and his father for many years, and might have called the father as a witness to plaintiff's age.
4. Defendant having failed to show any mistake, surprise or excusable neglect as a ground for vacating the judgment (R. S., ch. 125, sec. 38), the court had no power to make the order after the term at which such judgment was rendered.

APPEAL from the Circuit Court for *Manitowoc* County. The action was commenced in a justice's court, and the plaintiff recovered. The defendant appealed to the circuit court, where the cause was tried, and the plaintiff again recovered. Judgment against the defendant was entered at the December term, 1873. At the next term of the circuit court (June term, 1874), a motion was made on behalf of the defendant that the judgment be set aside, and for a new trial. The court granted the motion; and this appeal is from the order granting the same.

It appears from the motion papers, that the material question at issue, and which was litigated on the trial, was, whether the plaintiff was twenty-one years of age when the cause of action accrued, to wit, in the summer of 1872; and the motion was made because of alleged newly discovered evidence on that

Herman vs. Mason.

question.   Such evidence consists of an entry in a church register in the words following: "July 11th, 1852, I baptized Otto, the son of Michael Herman and Sabina Meyer, born 28th October, 1851 ; godfather and godmother were John Meyer and Carola Meyer.   JOSEPH BRUNNER."   The entry refers to the plaintiff, and Brunner, at the date thereof, was pastor of the church in the register of which the entry appears.

*H. G.* and *J. W. Turner*, for the appellant, insisted that the respondent had not shown diligence.   *Edmister v. Garrison*, 18 Wis., 594 ; 2 Till. & Shear. Prac., 558.   The proposed newly discovered evidence is not admissible.   1 Greenleaf Ev., 10 ed., § 493 ; *Barghart v. Augerstein*, 4 Carr. & Payne, 690.

*Geo. N. Woodin*, for respondent.   [No brief on file.]

LYON, J.   There are two insuperable objections to the order granting a new trial.   1. The defendant entirely fails to show that he used the slightest diligence before the trial to find evidence of the age of the plaintiff, although it appears that he had known him and his father for years.   He had only to call the father as a witness to prove the age of the plaintiff.   No new trial should ever be granted for newly discovered evidence, unless the moving party shows that he used due diligence before the trial, to discover it, or to prove the same facts by other evidence.   2. The entry in the church register, although it may be competent evidence to prove the date of his baptism, is not evidence of the date of the plaintiff's birth.   So far as the latter date is concerned, it is only hearsay.   Prof. Greenleaf says: "Neither is the mention of the child's age in the register of christenings, proof of the day of his birth, to support a plea of infancy."   1 Greenl. Ev., § 493.

The only power which the court had to set aside the judgment at a term subsequent to the term at which it was rendered, is given by sec. 38, ch. 125, R. S. ; and the defendant has entirely failed to show a case within the provisions of that section.   *Loomis v. Rice, ante,* p. 262, and cases cited.

*By the Court.*—The order of the circuit court setting aside the judgment and granting a new trial is reversed.