LAVIN, Respondent, vs. MUTUAL AID SOCIETY, Appellant.

74  349
113  584

*September 4 — September 24, 1889.*

*Evidence: Foreign certificate of baptism.*

Under sec. 4172, R. S., providing for the admission in evidence of foreign certificates of births, marriages, or deaths, a certificate of *baptism* is not admissible.

APPEAL from the Circuit Court for *Milwaukee* County. Action to recover the sum of $300 which it is alleged the plaintiff became entitled to receive from the defendant corporation by reason of the death of her husband, a member of said society. The facts are stated in the opinion. The certificate therein referred to was made in Prussia, and the translation thereof is as follows:

" According to the record of baptisms of the Ev. Church in Vandsburg, there was born in Runowa to Michael Lavin, by his wife Rosina, born Belau, on the 31st (thirty-. first) of March, 1833 (1800 thirty-three), a son, who, at the holy baptism on April 8th of the same year received the name Charles (Carl).

" Such is officially certified to

[SEAL OF       " Vandsburg, May 30, 1888,
EVAN. CHURCH,           " The Ev. Parish Office,
1799.]                       " WITTIG, Pastor."

" That the Ev. Pastor Wittig is authorized to use a public seal is hereby certified to

[IMPERIAL       " Vandsburg, Eodem,
PRUSSIAN
POLICE               " The Burgomaster,
BUREAU.]                         " PIEPER."

When this certificate was offered in evidence plaintiff's counsel stated that he objected to it as incompetent, not because of the improper authentication, but because it did not purport to be a copy of the. record, and there was no

evidence that it was an official record or that such a record is required to be kept; and for the reason that it was immaterial as not proving or tending to prove the date of the birth or the age of Carl Lavin; and for the further reason that there is no testimony showing that the person named in the certificate is the deceased, the husband of the plaintiff.

The court directed a verdict in favor of the plaintiff, and from the judgment thereon the defendant appealed.

*J. C. Ludwig,* for the appellant, contended that the certificate was introduced not to show the *date* of Lavin's birth, but to prove that he was in existence at the time of the ceremony mentioned therein. For such purpose it was admissible. Abbott's Trial Ev. 86, 87; *Kennedy v. Doyle,* 10 Allen, 161; *Whitcher v. McLaughlin,* 115 Mass. 167. The court erred in withdrawing from the consideration of the jury, *by its instructions,* the certificate as evidence in the case, without giving the defendant an opportunity to supply other evidence therefor. *Becker v. Becker,* 45 Iowa, 239.

For the respondent there was a brief by *Turner & Timlin* and *Francis J. Borchardt,* and oral argument by *W. H. Timlin.*

Cole, C. J. The constitution of the defendant corporation provided that persons belonging to an Evangelical Lutheran Congregation of Milwaukee, who were over eighteen and under forty-five years of age, and were healthy, able to work, and industrious, might become members of the association. These were the qualifications prescribed for persons desiring to become members.

The defense set up in the answer to defeat a recovery is, in substance, that the plaintiff's husband, when he applied for admission in February, 1880, falsely and fraudulently represented that he was less than forty-five, while in fact he was about forty-seven, as he well knew; consequently

he was too old to be admitted as a member of the corporation, under its constitution and by-laws. There was not a particle of evidence that the insured made any false representation as to his age. Of course it is conceivable that he might have been older than he represented himself to be, yet that he honestly stated what he supposed to be his true age. In such a matter he might make an honest mistake through ignorance as to his age. But, for the purpose of showing his true age when he applied for admission, there was offered in evidence, on the part of the defense, the certificate which appears in the bill of exceptions, which certificate was at first admitted, against the plaintiff's objection, to prove his baptism, but the certificate was subsequently withdrawn from the consideration of the jury, the court holding that it was not admissible under the statute to prove any fact in the case. This ruling is the first error assigned for a reversal of the judgment.

It is perfectly clear to our minds that the court below was right in excluding this piece of evidence. It is claimed by defendant's counsel that the certificate was admissible under sec. 4172, R. S. That section makes official certificates of births, marriages, or deaths issued in foreign countries in which such births, marriages, or deaths occurred, purporting to be founded on books of record, when authenticated as therein prescribed, presumptive evidence of the facts in such certificates stated. But the certificate in question did not purport to be a certificate of the *birth* of the insured, assuming that his identity with the person named therein was established. At most it was merely a certificate of the *baptism* of the deceased. It is true it incidentally mentions or recites the age of the infant baptized. But that was no proof of the birth of such infant. *Herman v. Mason*, 37 Wis. 273. But it is plain that the certificate was not admissible under the statute, because it did not purport to be a certificate of the *birth* of any one; therefore was

no evidence bearing on the question of the age of the insured. We have no right to extend the statute to a case not coming within its provisions, as we should do were we to hold the certificate admissible for any purpose.

The court directed a verdict for the plaintiff, and this is assigned as error. The certificate offered having been rightfully withdrawn from the consideration of the jury, there was no proof whatever in the case that the insured was over forty-five when he became a member. There was no question of fact for the jury to consider or pass upon. We do not find in the volume of Iowa Reports the case to which counsel referred on this point. But we think there was no error in the court directing a verdict for the plaintiff upon the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.