THE SUPREME ASSEMBLY, ROYAL SOCIETY OF GOOD FELLOWS, PLAINTIFF IN ERROR, v. ELIZA McDONALD, DEFENDANT IN ERROR.

1. In an action upon a benefit certificate, issued by a society organized for social purposes and for the accumulation of a widows' and orphans' fund, guaranteeing the payment of a certain sum on the death of a member in good standing, the same rules of pleading and evidence will be applied as in an action upon an ordinary life insurance policy, as far as applicable.

2. A church register of baptisms, even when kept under circumstances which render it admissible as evidence, is proof only of the fact of baptism, and not of the age of the person, unless the age is at the same time duly recorded in the register.

3. When a society seeks to avoid liability upon a benefit certificate, on the ground that the member failed to pay an assessment within the time required by its constitution and laws, the burden of proof rests upon the society to establish the failure; and such a defence should be specially pleaded, although the plaintiff has, in general terms, alleged compliance with all the rules, regulations and demands of the society.

4. The defence by a society of forfeiture of benefits because of the non-payment of an assessment at the time when due, will not be sustained unless it is first proved that the member charged with default had notice of the assessment in the way prescribed by the constitution and by-laws of the society.

On error to the Supreme Court.

For the plaintiff in error, *W. Holt Apgar.*

For the defendant in error, *Allan L. McDermott.*

The opinion of the court was delivered by

Nixon, J. The plaintiff in error is a corporation organized under the laws of the State of Rhode Island, with power to institute and grant charters to subordinate assemblies in other states. In pursuance of such authority a subordinate assembly was established in Jersey City, in this state. One of the objects of the corporation is to create a "Widows' and Orphans' Benefit Fund," from which, upon the death of any member in good standing, a sum not exceeding $3,000 is to be paid to such member's family as he may direct. To constitute this fund an initiation fee is paid by the members, who also become liable, upon the death of a member, to an assessment, the amount of the initiation fee and the subsequent assessments varying according to the age of the member, reckoned by a table of rates fixed by the constitution and laws of the Supreme Assembly. No person over fifty-six years of age or under eighteen is eligible to membership.

One John McDonald, a citizen of New Jersey, became a member of this corporation by initiation in the subordinate assembly instituted at Jersey City, having first complied with all the requirements of the constitution, rules and regulations of the society, and received from the corporation a certificate entitled "Royal Society of Good Fellows' Benefit Certificate," for the sum of $3,000, payable to Eliza McDonald, his wife, upon satisfactory evidence of his death, provided he remained in good standing in the order at the time of his death. The certificate is dated December 23d, 1886, and duly attested by the officers of the Supreme Assembly.

On the 15th of November, 1893, John McDonald died, and due proof of his death, as required by the laws of the society, was furnished to the Supreme Assembly. Payment of the $3,000 stipulated in the benefit certificate being refused, Eliza McDonald, the widow and beneficiary, brought suit and recovered judgment for that amount.

The plaintiff in error, at the trial below, rested its defence upon two grounds, insisting, first, that John McDonald, in his written application for membership, falsely and fraudu-

lently represented that he was under the age of fifty-six years, and second, that he afterwards failed to pay one of the death assessments within the time prescribed by the constitution and laws of the society, and thereby was suspended at the time of his death from membership and had forfeited all rights conferred by the benefit certificate.

The nature of the contract entered into by the parties to a benefit certificate such as was held by McDonald at the time of his death was stated by Mr. Justice Depue in the case of *Holland* v. *Chosen Friends*, 25 *Vroom* 490, in which the learned judge said: "The contract of the association with its beneficiary members is made up of the application for such membership, the certificate issued, which is an acceptance of the application, and the charter, constitution and by-laws of the society, and, in its construction and effect, does not differ essentially from an ordinary policy of insurance." Therefore, by the well-settled law relating to life insurance policies, any false statement as to age in the application for membership, whether willfully or ignorantly made, whereby the insuring corporation was induced to make a contract it otherwise would not have made, or any failure by the insured to perform the obligations assumed by him in the contract, would be a sufficient bar to any action upon a certificate such as McDonald held.

Article 3 of the constitution and laws of the Supreme Assembly declares that only those who are between the ages of eighteen and fifty-six years can become members. In the contention at the trial below that John McDonald was above the latter age when admitted, the plaintiff in error offered the deposition of one Peter Quinn, which was excluded by the trial judge from the consideration of the jury. The exclusion of this deposition is assigned for error. It was taken at Stewartstown, Ireland, by James B. Taney, United States Consul at Belfast, who was duly commissioned for that purpose. Peter Quinn, the deponent, was the parish priest at Stewartstown, and was asked to produce, and did produce, the "Registry of Baptisms" of his parish, which, as he deposed,

came into his possession when he assumed charge of the
parish and of which he has since had the custody.  From this
book, in answer to certain questions, he proceeded to read ex-
tracts giving the dates of baptism of certain children of Hugh
and Sarah McDonald, the parents of John McDonald.   But
the name of John McDonald does not appear by this deposi-
tion to be upon the register at all, and the only probative
effect it could have upon·the question of his age is merely
inferential from the relative ages of other members of the
family reputed to be older or younger, for only the date of·
their baptism was recorded.   It is a well-settled rule that a
parish register, showing only the date of a child's baptism, is
not evidence of the date of its birth or of its identity.   The
rule as to when the registry-book itself is admissible does not
seem so clear.

In the case of *Childress* v. *Cutter*, 16 *Mo.* 24, it was held
that " church registers are not admissible in evidence, except
by statutory provision, unless the law of the country or state
in which they are kept recognizes them as documents of an
authentic and public nature."

In the case of *Hunt* v. *Order of Chosen Friends*, 64 *Mich.*
671, the Supreme Court stated a somewhat different rule, and
held that a sworn and examined extract from the parish record
of a Catholic church, showing the baptism of the deceased
party and reciting the names of the parents and their descrip-
tion, and a statement of the age of the person baptized, sup-
ported by evidence of the priest that such a record was re-
quired by the rules of the church, which record is thirty years
old, is admissible as evidence of age.   Applying either of the
above tests of admissibility, the incompetency of the deposi-
tion in question becomes apparent, for it fails to show by what
law or authority the registry was kept, or by whom kept;
neither does it state to what religious denomination the church
at Stewartstown belongs.   There was no error in excluding
this deposition from the consideration of the jury.

Further error is alleged because the trial judge charged the
jury in the following language : " Now, there is one part of

this case that the court has concluded to deal with in such way that there will remain no difficulty in your mind about it.   It is contended here that he was not a member in good standing at the time of his death, in that he had not paid all the dues and assessments in the by-laws to be paid by him. The court has concluded to direct you not to consider that defence at all.   As I perceive it here, that defence is not made out; the contention is not supported by any evidence, and the court directs you that you need not give that matter any consideration."

In this action, as appears by the record, the plaintiff alleged the performance of all conditions precedent generally, and the plaintiff in error pleaded the general issue, and pleaded specially only the alleged misrepresentation as to age.   At the trial the defence was also made of the non-payment of a death assessment within the time prescribed by the constitution and laws of the society.   Section 126 of the Practice act (*Gen. Stat., p.* 2554) requires such a defence to be specially pleaded. It has also been held in many cases that unless the claim of forfeiture is specially pleaded, no such defence can be maintained at the trial.   *Bittinger* v. *Providence Washington Insurance Co.,* 24 *Fed. Rep.* 549 ; *Gray* v. *Knights of Honor,* 118 *Ind.* 293.   But leaving out of consideration any technical questions, it appears by the record that this part of the defence was based entirely upon some entries made in a book belonging to John McDonald and purporting to be payments of assessments to the defendant corporation.   There are twelve such payments recorded in the book, only one of which, the first, is alleged to have been made after the expiration of the time when due. But that the assessment was overdue is not proved by this book, for the same column which shows this one assessment to have been paid some eight days too late, also shows two others to have been paid before they had been called ; one assessment entered in this book as called October 15th, is entered paid October 14th, and another called November 15th and paid November 6th.   The book, therefore, failed entirely to prove the actual dates of assessments and payments.   All the pay-

ments were received by one L. D. Kay, but by what authority does not appear.    Law 3, section 1 of the constitution of the Supreme Assembly, directs that each member shall pay his assessment to the subordinate assembly, and this one in question may have been paid to the assembly in due time. It further appears by this book that within five months after this alleged default, eleven other assessments were paid by McDonald and received by the plaintiff in error.    Law 7, section 1 of the constitution of the Supreme Assembly, provides for the reinstatement of any member suspended for non-payment of an assessment, and if there had been sufficient proof of the non-payment in due time of this one, the receipt of eleven subsequent assessments would create the legal presumption of reinstatement to membership, there being no evidence to the contrary.    *Hoffman* v. *American Legion of Honor*, 35 *Fed. Rep.* 252; *Knights of Honor of the World* v. *Johnson*, 78 *Ind.* 110.    There was no book or record or officer of either the Supreme or Subordinate Assembly produced to show that all the payments recorded in this book were not legally made and duly received by the plaintiff in error, and, if not so made and received, the evidence to the contrary was in their possession.

Another fatal defect in this defence, on the ground of forfeiture for the non-payment of a death assessment within the required time, is the failure to prove that the defaulting member had notice that it was due.    Proof of notice is essential to sustain such a defence.    *Bac. Bene. Soc.*, § 379; 78 *Ind.* 110; *American Mutual Aid Society* v. *Helburn, &c.*, 85 *Ky.* 1.    The form of notice and the manner of giving it may be determined by the rules of the society, but some form of notice must be given or there can be no default.    The constitution and laws of the Supreme Assembly recognize this right to a notice of each assessment, and section 2 of law 3 provides that "each subordinate assembly may, at its option, provide for notification of its members of the assessment calls, which may be by written or printed notice, or by a newspaper containing the supreme secretary's notice, and may be mailed

or, personally delivered to the members of the assembly." But there is no evidence whatever that notice of this assess-ment, default in the payment of which is alleged, was ever given to McDonald, either in writing or by printed notice, or that a newspaper containing the supreme secretary's notice. was either mailed or personally delivered to him.

There is no allegation of default by McDonald in the pay-ment in due time of any other assessment than the one in question during the almost seven years of his membership in this society, and at the time of his death he continued to hold the benefit certificate originally issued to him by the Supreme Assembly.

In *Tobin* v. *Western Society*, 72 *Iowa* 261, the court held that, " in an action upon a certificate of membership in a mutual aid society, where the society sought to avoid liability on the ground that the member failed to pay an assessment stipulated in the contract, that the society had the burden to establish such failure, notwithstanding the plaintiff, in general terms, had alleged compliance with the contract." The same rule is also stated in *Hodsdon* v. *Guardian Insurance Co.,* 97 *Mass.* 144.

There was no error in directing the jury that the defence that McDonald was not in good standing at the time of his death was not made out, and that the contention was not sup-ported by any evidence, and that they need not give the matter any consideration.

Having reached this conclusion, it is not necessary to re-view the remaining assignments of error, for they are only the corollaries of the one last considered and must fall with it.

We find no error in the record, and the judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICK-SON, NIXON. 14.

*For reversal*—None.