WILLIAM VAN ALSTYNE, DEFENDANT IN ERROR, v. FRANKLIN COUNCIL, No. 41, JR. O. U. A. M., PLAINT-IFF IN ERROR.

Argued November 11, 1902—Decided February 24, 1903.

Under section 126 of the Practice act (*Gen. Stat., p.* 2554), where the plaintiff avers performance of conditions precedent generally, the defendant is not permitted to deny such averment unless he specifies, in his plea, the particular condition precedent the performance of which he intends to contest. This provision bars a beneficial society from avoiding liability on a benefit certificate for failure to pay assessments within the time required unless such defence is specially pleaded.

On error to the Union Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, · FORT and PITNEY.

For the plaintiff in error, *Fergus A. Dennis.*

For the defendant in error, *George W. Moy.*

The ·opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This action was brought to recover the sum of $250 death benefits, due from the defendant, a subordinate council of the Junior Order of the United American Mechanics, to the plaintiff, as the beneficiary of Harry B. Van Alstyne, a deceased member of said council. The council, at the trial, set up as a defence that, by reason of the action of the deceased member in permitting his dues to remain in arrears and unpaid for a period of twenty weeks preceding his death, all rights in the benefit certificate had been forfeited, by force of article 9 of the constitution of the council, which provided that "a member of this council who is thirteen weeks or more in arrears for weekly dues, forfeits all his rights and privileges, except that of being admitted to the· council chamber during its session." This defence was overruled by the trial judge, on the ground that the only plea filed by the defendant was that of general issue, and that no such defence could be made under the plea.   This ruling was clearly a proper one.   Under the one hundred and twenty-sixth section of our Practice act (*Gen. Stat., p.* 2554), where the plaintiff avers performance of conditions precedent generally, the defendant is not permitted to deny such averment unless he specifies, in his plea, the particular condition precedent the performance of which he intends to contest. That this statutory provision bars a beneficial society from avoiding liability on a benefit certificate on the ground that the deceased member failed to pay his assessments within the time required by its constitution and by-laws, unless such defence is specially pleaded, has been decided by the Court

of Errors and Appeals in the cases of *Supreme Assembly* v. *McDonald,* 30 *Vroom* 248, and *Ottawa Tribe, No.* 15, v. *Munter,* 31 *Id.* 459.

There being no error on the part of the trial court, the judgment under review should be affirmed.