WILLIAM VAN ALSTYNE, DEFENDANT IN ERROR, v. FRANKLIN COUNCIL NO. 41, JR. O. U. A. M., PLAINTIFF IN ERROR.

Submitted July 10, 1903—Decided November 16, 1903.

It is a settled doctrine of this court that it will not review nor reverse a judgment under review, because of an alleged error involving judicial action therein, unless such action was invoked upon the ground relied on, which was distinctly and plainly made known to the court below.

On error to the Supreme Court. For opinion of that court, see *ante p.* 15.

For the plaintiff in error, *Alan H. Strong* and *Fergus A. Dennis.*

For the defendant in error, *George W. V. Moy.*

PER CURIAM.

By the judgment under review, the Supreme Court affirmed a judgment of the Union County Circuit entered upon a finding of the Circuit judge, who tried the issue without a jury.

The issue was thus presented. The declaration contained a count on a contract to pay death benefits to a beneficiary of a deceased member of the defendant council, with an averment that such member had kept and performed all the conditions precedent of the contract, and the common counts in assumpsit. The only plea was the general issue.

The assignments of error in the Supreme Court were directed to the rulings of the trial judge in denying a motion to nonsuit and refusing a request for a finding for defendant. The bills of exception show the defendant contended, in support of the motion and request, that the deceased member had forfeited his rights to benefits by reason of a breach of a condition of the contract respecting payment of dues. The

trial judge held that 'defendant had precluded itself from a defence upon a breach of condition because it had failed to specify in pleading the condition in question and its non-performance as a ground of defence, in accordance with section 126 of the Practice act. *Gen. Stat., p.* 2554. No other defence having been made, the finding was for plaintiff, and judgment was entered thereon.

The judgment was affirmed by the Supreme Court on the authority of two cases in this court, *Supreme Assembly* v. *McDonald,* 30 *Vroom* 248; *Ottawa Tribe* v. *Munter,* 31 *Id.* 459.

The argument here has not criticised the opinion of the Supreme Court upon the point considered and decided by it. The contention made is that the act of the trial judge in refusing to nonsuit plaintiff, or to find for defendant, was erroneous, because the contract made out by the evidence was variant from that which was set forth in the first count of the declaration.

We do not think that we can examine this case to determine whether there appeared such a variance as is asserted, or to pronounce the rulings of the trial judge erroneous because of such variance.

The asserted variance could only be discovered in the bills of exception, and they plainly show that the trial judge was asked to nonsuit or to find for the defendant upon the single ground of a breach of a condition in the contract. The alleged variance was not presented to the mind of the judge as a ground for the judicial action sought. It is a settled doctrine of this court that it will not review nor reverse a judgment under review, because of an alleged error involving judicial action therein, unless such action was invoked upon the ground relied on, which was distinctly and plainly made known in the court below. *Allaire* v. *Allaire,* 10 *Vroom* 113; *Hoey* v. *Lewis, Id.* 501; *Pennsylvania Railroad Co.* v. *Page,* 12 *Id.* 183; *Conover* v. *Middletown,* 13 *Id.* 382; *Packard* v. *Bergen Neck Railway Co.,* 25 *Id.* 553. The case last cited points out

a distinction between exceptions to incidental rulings in the course of a trial and exceptions to single propositions of law contained in a charge.

The judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, GARRETSON, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN, GRAY.  12.

*For reversal*—None.