ANNA MAGUTH, PLAINTIFF IN ERROR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC, DEFENDANT IN ERROR.

Argued March 21, 1905—Decided November 20, 1905.

1. The twenty-first section of the Road act of March 23d, 1859 (*Gen. Stat.*, p. 2840), and the supplement to the Bridge act passed March 15th, 1860 (*Gen. Stat.*, p. 307), apply only in cases where parties have sustained damage through the neglect of duties owed to the general public. They do not apply to a case where, by reason of the smallness of a culvert under a bridge, the water of the stream beneath is backed up on private property.
2. When, in opposition to a motion for nonsuit, the plaintiff expressly based his right of action on a particular ground, this court on error will confine its consideration of the merits of the judgment to that ground.

On error to the Supreme Court.

For the plaintiff in error, *William W. Watson* and *Robert R. Watson.*

For the defendant in error, *Harry Meyers.*

The opinion of the court was delivered by

DIXON, J. In an action brought in the Supreme Court the plaintiff complained that the board of chosen freeholders of Passaic county, in building a public bridge over Weasel brook, in said county, had made the culvert too small for the passage of the water after heavy rains, and consequently the water was backed up over the plaintiff's land. At the trial of the case in the Passaic Circuit the plaintiff's counsel, in response to a motion for nonsuit, stated that he sought to recover under the supplement passed March 15th, 1860, to "An act respecting bridges" (*Gen. Stat.*, p. 307), which enacts that "in all cases where a township or board of chosen freeholders of a county are chargeable by law with the erection, rebuilding or repair of any bridge or bridges, and the

said township or board of chosen freeholders shall wrong-fully neglect to erect, rebuild or repair the same, by reason whereof any person or persons shall receive injury or damage in his or their persons or property, he or they may bring an action  *  *  * against said township or board of chosen freeholders and recover judgment to the extent of all such damage," &c. A nonsuit being thereupon ordered, the plaint-iff sued out the present writ of error to reverse that determi-nation upon an exception taken thereto.

Under the settled rule of practice in this court to consider, in favor of the party relying upon an exception, only those points which were presented on his behalf in the trial court, we must leave out of view the question whether the matter complained of would entitle the plaintiff to redress under the common law, and confine ourselves to the right afforded by the statute. *Van Alstyne* v. *Franklin Council,* 40 *Vroom* 672.

In *Freeholders of Sussex* ads. *Strader,* 3 *Harr.* 108, de-cided in the year 1840, wherein the plaintiff sought to recover damages for an injury suffered because of the defective con-dition of a public bridge over which he was traveling, it was adjudged that the duty of the chosen freeholders respecting bridges was a public duty, and that although a private action might be maintained against a public corporation for its violation of a duty owed by it to an individual, such an action could not be maintained for the violation or non-performance of a public duty. The same doctrine was enforced in *Cooley* v. *Freeholders of Essex,* 3 *Dutcher* 415, decided in February, 1859. The propriety of these adjudications upon the prin-ciples of the common law has always been recognized by the courts of this state.

To relieve the hardship of this legal situation, we think, the twenty-first section of the Road act of March 23d, 1859 (*Gen. Stat., p.* 2840), was passed, within a few weeks after the judgment in Cooley's case, and in the following year the more · comprehensive statute above set forth. The first of these enactments applied only to damage happening to per-

sons or property while passing over a bridge because of its insufficiency or want of repair (*Livermore* v. *Freeholders of Camden,* 5 *Dutcher* 245), while the later act extended to any person or property injured through the wrongful neglect of duty, and included the duty to build bridges as well as the duty to maintain them in proper condition. *Ripley* v. *Chosen Freeholders of Hudson and Essex,* 11 *Vroom* 45.

Since the enactment of these laws many cases have come before our courts in which the plaintiffs have invoked the aid of the statutes. *Livermore* v. *Freeholders of Camden,* 5 *Dutcher* 245; *S. C.,* 2 *Vroom* 507; *Ripley* v. *Chosen Freeholders,* 11 *Id.* 45; *Jernee* v. *Monmouth,* 23 *Id.* 553; *Freeholders* ads. *Hough,* 26 *Id.* 628; *Mahnken* v. *Monmouth,* 33 *Id.* 404; *Mattlage* v. *Freeholders,* 34 *Id.* 583; *Spencer* v. *Freeholders,* 37 *Id.* 301; *Weeks* v. *Freeholders,* 39 *Id.* 622; *Creighton* v. *Freeholders,* 41 *Id.* 350.

In the Livermore and Jernee cases it was claimed that one or the other of these statutes created a private duty, or was applicable to the breach of such a duty, but in each case the claim was denied. The other cases were all based upon an alleged breach of public duty, and in none of the judicial utterances, either of the Supreme Court or of this court, has it been declared that the legislature had intended to do more than to provide private remedies for parties injured through the neglect of those duties which, but for the statutes, were owed only to the general public. So far as private duties were concerned the common law afforded adequate relief; the mischief to be remedied was the lack of redress to those who sustained special damage through the neglect of public duty, and the reasonable inference is that it was the disclosure and emphasizing of this mischief, by the decisions in the Strader and Cooley cases, which forthwith resulted in these remedial statutes.

We think they should not be extended beyond the scope thus indicated, and therefore it was rightly determined that they did not apply to the damage alleged by the plaintiff in this case.

The judgment of nonsuit is affirmed.

For affirmance—THE CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY.   9.

For reversal—PITNEY.   1.