THE STATE v. ANTOINETTE BARRIS.

Submitted December 5, 1908—Decided June 14, 1909.

1. The twentieth section of the Evidence act does not prohibit the state, on the trial of an indictment for forgery, from offering in evidence, for the purpose of comparison with the alleged forged instrument, a genuine writing, made by the person whose signature is alleged to have been forged, after the question of the genuineness of the writing in controversy arose.
2. In passing upon the correctness of the ruling of a trial court admitting evidence over objection, only those grounds of objection which were laid before the trial court will be considered by a court of review.
3. On the trial of an indictment for forgery a paper writing of the defendant, made subsequent to the alleged forged instrument, is admissible for the purpose of comparison with it.

---

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *William L. Edwards.*

For the state, *Frederick R. Lehlbach,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff in error was indicted and convicted of the crime of forging and uttering a check purporting to have been signed by Rose C. Lynch. For the purpose of comparison a genuine check of Rose C. Lynch, written after the making and uttering of the alleged forged

instrument, was offered and admitted in evidence against the objection of the counsel for the plaintiff in error, and its admission is made the basis of the first assignment, which is argued before us. The ground of objection is that the receipt of this genuine check was in violation of the provision of section 20 of our Evidence act (*Pamph. L.* 1900, *p.* 367). That section provides "that in all cases where the genuineness of any signature or writing is in dispute, comparison of the disputed signature or writing with any writing proved to the satisfaction of the court to be genuine, shall be permitted to be made by witnesses; and such writings and the testimony of the witnesses respecting the same may be submitted to the court or jury as evidence of the genuineness or otherwise of the signature or writing in dispute; provided, nevertheless, that where the handwriting of any person is sought to be disproved by comparison with other writings made by him, not admissible in evidence in the cause for any other purpose, such writings, before they can be compared with the signature or writing in dispute, must, if sought to be used before the court or jury by the party in whose handwriting they are, be proved to have been written before any dispute arose as to the genuineness of the signature or writing in controversy." The point of the objection is that the statute prohibits the admission in evidence of writings for the purpose of comparison unless they are proved to have been written before the dispute arose as to the genuineness of the signature or writing in controversy. But a reading of this statute shows that it has not the sweep contended for on behalf of the plaintiff in error; such writings are only inadmissible under the language of the statute when they are sought to be used before a court or jury by the party in whose handwriting they are. In the present case the post-written check was not sought to be used by Miss Lynch but by the state. In the prosecution of criminal offences the state does not assert a private right or maintain an individual interest and there is no legal identity between it and the person who has been the victim or object of the alleged criminal act. *State* v. *Brady,* 42 *Vroom* 360. The provision of the Evidence act which has been invoked therefore had no relevancy on

the question of the legality of the testimony and the assignment is without merit.

The only other assignment of error argued before us which rests upon a proper exception is directed at the ruling of the trial court in admitting a writing made by the plaintiff in error and containing, among other things, "R. Lynch:" The purpose of its offer was to show that the plaintiff in error was the person who had written the signature to the forged check. The paper was not written until after the forged check had been presented at the bank by the plaintiff in error and its admission was objected to on the ground that it was incompetent because of this fact. Whether the paper writing was inadmissible upon any other ground than that stated is not before us for consideration; for it is a settled doctrine of our courts that they will not review nor reverse a judgment because of an alleged error involving judicial action therein, except upon grounds which were distinctly and plainly made known in the court below. *Van Alstyne* v. *Franklin Council,* 40 *Vroom* 672, and cases cited.

The rule which prohibits the use of writings of the person whose signature is alleged to have been forged and made after the date of the forged instrument is enforced because of the liability of such person to depart from his normal characteristics of writing for the purpose of making evidence which would support his contention that the disputed paper is a forgery. The reason of the rule does not exist where the effort is made to show by a comparison of handwriting that the forged signature was written by the person charged with making the forgery. The fact that the writing of such a person did not come into existence until after the making of the forged document is entirely immaterial on the question of its admission in evidence for the purpose of comparison.

The judgment under review will be affirmed.