(100 South. 720)

No. 26504.

## STATE v. LAROCCA.

(March 31, 1924. Rehearing Denied by the Whole Court April 30, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬅⮞121(1)—**Defendant entitled to bill of particulars as to place of offense.**

Where information for carnal knowledge of unmarried female under age of consent failed to specify place of commission of offense by number and street, defendant was entitled to a bill of particulars.

2. **Witnesses** ⬅⮞255(4)—**Use of certificate of baptism held prejudicial, though certificate excluded.**

In prosecution for carnal knowledge of unmarried female under age of consent, *held*, that it was prejudicial error to permit mother of prosecutrix to refresh her recollection as to the daughter's age by certificate of baptism and to identify paper as such certificate, when she tes-

tified she did not know when her daughter was born, though certificate was excluded from evidence.

3. **Witnesses** ⬅⮞255(4)—**Certificate of baptism held not properly used to refresh memory.**

In a prosecution for carnal knowledge of unmarried female under age of consent, mother of prosecutrix could not use certificate of baptism to refresh her memory; it not being a contemporaneous memorandum made by the witness herself at the time.

Appeal from Criminal District Court, Parish of Orleans; Richard A. Dowling. Judge.

Frank Larocca was convicted of having carnal knowledge of an unmarried female under the age of consent, and he appeals. Verdict and sentence annulled, and case remanded.

Joseph Rosenberg, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division B, composed of Justices DAWKINS, LAND, and LECHE. THOMPSON, J., of Division C, sat in the place of Judge LECHE, who was absent, due to illness.

DAWKINS, J. Defendant was charged with carnal knowledge of an unmarried female under the age of consent. From a judgment of conviction, he prosecutes this appeal, relying upon four bills of exception for reversal.

### Bill No. 1.

[1] This bill was reserved to the denial of a motion for a bill of particulars, in which appeared the following:

"And now into this honorable court comes Frank Larocca, defendant herein, and, after having heard the information read and protesting his innocence, says that he is unable to properly defend himself, for the reason that the said bill of information is entirely vague and indefinite and deficient, in that the same fails to particularize and set forth the place by number and street where the alleged offense of carnal knowledge is pretended to have been com-

mitted, and that he is entitled to be acquainted with and made cognizant with the place by stating with precision the number and street where the said crime is alleged to have been committed prior to said charge."

Ordinarily it is sufficient to charge the offense in the language of the statute, but where the nature of the crime is such, as in cases like the present, the selling and possessing intoxicating liquors, etc., where generally the dealings of the parties are in secret and may take place at one or several places, and as often as may be desired, without creating a status which would make the corpus delicti easy of proof and the fact of the crime known, as would be true in crimes like murder, robbery, etc., the uniform trend of opinion seems to be that the accused, asking it, is entitled to sufficient information to put him on his guard and to prevent the faking of a case against him. Then, too, he is concerned in having the charge definitely established, as to time, place, and circumstances, in order that if, as was claimed in argument in this case, the proof should tend to show that he had committed the offense more than once, he might know which occasion the state relied upon, to be able to plead acquittal or conviction at any subsequent prosecution. State v. Rollins, 153 La. 10, 95 South. 264; Marr's Crim. Juris. (2d Ed.) vol. 1, p. 515.

### Bill No. 2.

[2] The second bill was reserved to the overruling of defendant's objection to the court's permitting the mother of the girl, against whom the offense was charged to have been committed, to refer while testifying on the stand, for the purposes of refreshing her recollection and substantiating her testimony, to a document presented to her by counsel for the state, purporting to be a certificate of the christening or baptism of her said daughter.

When the mother was placed upon the stand, the following was the extent of her first direct examination:

"Q. Your name is Mrs. Frank Travato?
"A. Yes, sir.
"Q. Have you a daughter named Catherine Travato?
"A. Yes, sir.
"Q. Where was she born?
"A. In the country.
"Q. When?
"A. *I don't know.*
"Q. What year was she born?
"A. 1905.
"Q. Do you know the month she was born in?
"A. She was born December 15, 1905."

She was then taken on cross-examination, and proved unable to tell the parish or state in which her daughter was born; neither did she know the name of the state in which she was testifying. She did not know when her first child was born (Catherine being the second); nor the name of the third, the date of births of the fourth and fifth, the year in which her husband died, when she was married, or in what year she was testifying. On the question of the age of her daughter, the prosecutrix, her testimony, in part, was as follows:

"Q. You have no knowledge of the dates of these other children. How do you know Catheine was born on that day?
"A. Because I got that paper.
"Q. Would you know it, regardless of that paper? [No answer.]
"Q. The *only knowledge which you have is* what you read from that paper?
"A. I don't know if that's right.
"Q. You don't know it at all, except by reference to some memo or paper that has not been offered in evidence, and you don't know of your own knowledge?
"A. I don't. I don't speak English.
"Mr. Bruns (for the State): Q. You say you had a paper?
"A. Yes, sir.
"Q. I ask you if that is the paper you refer to?
"By Mr. Rosenberg: I object to any question being asked relative to that paper, as it is not admissible in evidence.

"By the Court: The paper has not been offered. I will allow her to answer questions concerning the paper.

."By Mr. Rosenberg: To which ruling of the court counsel for the defendant reserves a bill of exceptions.

"By Mr. Bruns: Q. Is that the paper you refer to?

"A. Yes, sir.

"Q. That's how you came to know the day?

"A. *That the paper when my daughter born.*

"Q. How long have you had that paper?

"A. Since they christened the baby. The priest gave it to me.

"Q. You say you got·this paper when the baby was christened, and that the priest gave it to you?

"A. Yes, sir."

The state offered the document in evidence, and the court ruled it out.

Of course, this court has no jurisdiction of the facts in a criminal case; and if the issue to be decided was one of guilt or innocence on the weight of the evidence, we could not interfere, no matter what we might think of its value. But we are vested with power to determine the correctness of the ruling permitting the witness to refer to and use this document to strengthen or verify her own evidence. In doing this, we have the right to consider the nature of her testimony as disclosed by her direct and cross-examination, in arriving at a conclusion as to whether or not the evidence produced by the method of examining the witness with reference to the paper was or was not prejudicial to the interest of accused.

[3] The all-important question in this case, if and when the illicit relation had been established. was the age of the prosecutrix. If she was 18 years old at the time, accused was guilty of no crime; if less than that age, he was. The bill charges the offense to have been committed on November 26, 1923; according to one portion of her mother's testimony, she was born December 15, 1905, though in other places she says she does not know; and in no event was the margin of time more than 18 days. Hence it is seen

how important and to what extent age was of the essence of the crime. Now, after the state had gotten the benefit of the certificate, by having the mother use it to refresh her memory in the presence of the jury and to identify it as a certificate of baptism, the refusal to permit its introduction in evidence could have been of little moment, because all had been accomplished indirectly, so far as the jury was concerned, that could have been desired by' its reception as evidence. We have little doubt that, in view of the court's subsequent charge, the jury believed that it was such a certificate and that it showed the daughter's birth as of the date stated by the mother. The certificate itself was clearly inadmissible. State v. Wilson, 141 La. 404, 75 South. 95, Ann. Cas. 1918D, 789. And, not being a contemporaneous memorandum made by the witness herself at the time, it could not be used for the purpose of refreshing her memory.

In charging the jury, the judge, inter alia, used the following language:

"The proof of age is naturally one of the most important things to be proven in a case of this sort. In the country parishes the records are sometimes not properly kept, and it may be a very hard matter to prove the age of one born in the country. Age, however, can be proven by witnesses who know the age of a person, or by the mother of the person *or by baptismal records.* * * * *"

It would therefore seem almost unescapable that the jury would give effect to both what was said by the witness with reference to the certificate and to its physical production and identification as such in their presence.

From all of which we conclude that the ruling complained of was erroneous, and the effect so prejudicial to the accused as to justify our setting aside the verdict.

Bill No. 3.

The third bill was returned to that portion of the charge in which the court said,

"It may be difficult to prove the age of one born in the country," upon the ground, not stated in the bill, but argued in brief and orally, that it amounted to a comment upon the facts and weight of the evidence. Inasmuch as we shall set aside the verdict on other grounds, we shall not rule specifically upon this bill, but take occasion to say that the court should refrain from discussing the weight of the evidence. The portion of the charge from which this language was taken reads like an apology for the state's not making a stronger case because of the circumstance that the prosecutrix was born in the country. That is a matter for counsel to argue to the jury and not for comment by the court.

### Bill No. 4.

This bill relates to the refusal to grant a new trial upon grounds, one of which was alleged newly discovered evidence. However, the new trial will be ordered, and hence there is no occasion to pass upon this bill, since the matters, which otherwise we might review, will doubtless not recur when the case is tried again.

For the reasons assigned, the verdict and sentence are annulled and set aside, and this case is remanded, to be proceeded with according to law and the views herein expressed.

Rehearing refused by the WHOLE COURT.