O’NIELL, C. J.-
 

 Appellant was convicted of the crime of having carnal knowledge of a girl under 18 years of age, and -was sentenced to imprisonment in the penitentiary. On appeal, the verdict and sentence were annulled, and the case was remanded for a new trial. See State v. Larocca (La.) 100 So. 720.1 He was convicted again, was re-sentenced to imprisonment in the penitentiary, and again appeals.
 

 One important fact that the state had to prove was that the girl was under the age of 18 years.
 

 On the second trial a priest, as a witness for the state, testified that he baptized the girl when she was a month old. He produced a -record, which he said he had made at the time of the baptism, stating merely that he had baptized the girl on the 10th of January, 1906, and that she was born on the 10th of December, 1905. If she was born on that day, she' was just 12 days under the age of 18 years on the day specified as the date of the offense. In other words, if the girl was 12 days older than the priest said she was, there was no crime committed.
 

 The testimony of the priest was objected to by the attorney for the defendant on the ground that the priest had no knowledge of the date of the birth of the girl, except what was told him, which was only hearsay. The priest then acknowledged that his only information of the girl’s age was that her mother told him, at the baptism, that the child was born on the 10th of December, 1905’. On the mother’s statement alone he said he made the notation on the certificate or registry of baptism, “born on the 10th day of December, 1905.” The attorney for defendant insisted that the priest’s testimony! was only hearsay and secondary evidence. The objection was overruled, and a bill of exceptions was reserved.
 

 The prosecuting attorney then offered the priest’s record or certificate of baptism in evidence, in corroboration of his statement of the girl’s age. Defendant’s attorney objected to the offering of the document in evidence, on the ground that it was only the priest’s declaration of what the mother of the girl had told him, and was therefore only hearsay and secondary evidence, the introduction of which in evidence would be violative of the guaranty in the Bill of Rights (section 9 of article 1 of the-Constitution) that the accused in every instance shall have the right to be confronted with the
 
 *53
 
 witnesses against-him. The objection was overruled, and the priest’s record or certificate was admitted in evidence for the purpose only, as the judge says in his per curiam, of corroborating the testimony of the priest. A bill of exceptions was reserved to the ruling.
 

 The rulings complained of cannot be reconciled with the decision that was rendered in this case when it was remanded for a new trial. See State v. Larocca, 100 So. 720, 156 La. 567.
 

 The only difference between the complaint that is made now and the complaint that was made on the former appeal is that, in the first trial, it was the girl’s mother, whereas, in the second trial, it was the priest, who testified to the age of the girl, and referred to the certificate of baptism for corroboration or for the source of information. On the first trial the objection to the girl’s mother’s referring to the certificate of baptism to stimulate her memory was that the certificate itself, for the reasons which we have stated, was not admissible in evidence. The judge conceded and ruled that the certificate itself was not admissible in evidence, but overruled the objection to the witness’ referring to it for refreshing her memory; and we reversed the ruling, and annulled the ■ verdict and sentence, for the very reason that the certificate referred to was not admissible in evidence. In the course of his opinion, as published, Mr. Justice Dawkins for the court said:
 

 “The all-important question in this case, if and when the illicit relation had been established, was the age of the prosecutrix. If she was Í8 years old at the time, dccused was guilty of no crime. * * * Now, after the state had gotten the benefit of the certificate, by having the mother use it to refresh her memory in the presence of the jury and to identify it as a certificate of baptism, the refusal to permit its introduction in evidence could have been of little moment, because all had been accomplished indirectly, so far as the jury was concerned, that could have been desired by its reception as evidence. We have little doubt that, in view of the court’s subsequent charge, the jury believed that it was such a certificate [meaning a certificate of baptism], and'that it showed the daughter’s birth as of the date stated by the mother. The certificate itself was clearly inadmissible. State v. Wilson, 141 La. 404, 75 South. 95, Ann. Cas. 1918D, 789. And, not being a contemporaneous memorandum made by the witness herself at the time, it could not be used for the purpose of refreshing her memory. * * *
 

 “It would therefore seem almost unescapable that the jury would give effect to both what was said by the witness with reference to the certificate and to its physical production and identification as such in their presence.
 

 “From all of which we conclude that the ruling complained of was erroneous, and the effect so prejudicial to the accused as to justify our setting aside the verdict.”
 

 The mother of the prosecutrix was not called as a witness to prove the age of the girl on the second trial; the reason being, as the judge explains in his per curiam, that the woman was so ignorant that she was not “a person of proper understanding,” and was therefore not a competent witness, within the meaning of the statute (Act 157 of 1916). That is the opinion which this court expressed, substantially, on the former appeal. . It is not contended that the woman was of better understanding, or was less ignorant, when she had the child baptized, than she was during the trial. All of which, however, is irrelevant to the fact that the priest’s statement of what the girl’s mother told him was only hearsay evidence, and was not improved by his having written it down at the time. That, in substance, was the final ruling in this case when it was up here on the former appeal..
 

 It is contended by the judge, in his statement per curiam', that, even if there was error in his overruling the defendant’s objection to the priest’s testimony and to his certificate of baptism, the ruling was harmless, because the jurors saw the prosecutrix and had the opportunity to judge of her age. The judge says, “The girl herself,
 
 *55
 
 at the request of counsel for defendant, was compelled to stand up, turn around, etc.,” and let the jury judge of her age. All of which is of no importance. When illegal fevidence has been received on behalf of the state, in proof of a matter of importance in a criminal prosecution, the trial is illegal, no matter how much legal evidence was received. In such case, we cannot know whether a conviction is founded only upon the legal evidence or wholly or in part upon the illegal evidence. The verdict and sentence in this case must be annulled.
 

 Complaint was made in a motion for a new trial that the bill of information in this case, as amended or amplified by a bill of particulars, embodied several accusations in one count; as to one of which accusations the date of the offense was said to be unknown to the district attorney. The complaint might have been serious if it had been urged by way of a motion to quash or to compel the district attorney to elect which accusation he would proceed upon; but the motion for a new trial was not a proper or-timely way of presenting the complaint.
 

 There are other bills of exception, such as the one reserved to the overruling of a motion for postponement of the trial, which need not be considered.
 

 The verdict and sentence appealed from are annulled, and it is ordered that the case be rfemanded for a new trial.
 

 ST. PAUL, J., concurs in the decree.