### UNITED STATES v. BUKIS.

#### No. M-637.

District Court, E. D. Pennsylvania.

Dec. 3, 1936.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Wm. N. Nitzberg, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This is a petition by the United States under title 8 U.S.C. § 405 (8 U.S.C.A. § 405), for the cancellation of the naturalization certificate of the respondent, John Bukis. It appears that the respondent came to the United States as a German quota immigrant under the Immigration Act of 1924 (8 U.S.C. §§ 201 to 226 [8 U.S.C.A. §§ 201–226]). He came on a German passport, securing his immigration visa from the American Consul at Berlin and arrived at the port of New York on May 25, 1926. In his application for his immigration visa he stated that he was born at Ragnit, Germany, on June 8, 1902, and he submitted to the consular authorities a certificate from the civil registrar of Ragnit of an entry in his records stating that Johann Bukis was born at that place on that date, his parents being Anton Bukis and Selomy Bukis née Bartkut, his wife. He also submitted a certificate of conduct issued by the Berlin police authorities which stated that he was born at Ragnit. On January 8, 1928, the respondent filed his declaration of intention and on June 30, 1931, he filed his petition for citizenship, in which he stated that he was born in Ragnit, Germany. He was admitted to citizenship by this court on September 30, 1931.

The allegation of the United States is that the respondent's naturalization was fraudulently procured, in that he was actually born in Kupiskis, Lithuania, and not in Germany, and that his statement in his application for his immigration visa that he was born in Germany and the birth certificate which he presented in support of it were both false. The government's position is that, if he was a native of Lithuania, he was not entitled to receive an immigration visa under the German national quota since he was not of German nationality within the definition contained in the act (8 U.S.C. § 212(a), 8 U.S.C.A. § 212(a). Arguing that he secured the immigration visa upon which he came to this country fraudulently and without legal right, the Government's further contention is that his admission to this country, although legal on its face, was actually illegal

and consequently his residence here from the time of his admission to the date of his naturalization was not such a permanent residence as qualified him for naturalization. If the premise of illegal admission be granted, we must admit that this contention is sound. Fanariotis v. U. S. (C. C.A.) 63 F.(2d) 352. The government also contends that the respondent's naturalization was fraudulently and illegally procured by reason of the fact, that, in his petition for naturalization, he falsely stated that he was born in Ragnit, Germany. It will thus be seen that the government's position depends entirely upon proof by it that the respondent was not born in Germany, but rather in Lithuania as it contends.

 To support the burden of proof thus cast upon it, the government introduced at the hearing copies of two documents duly certified and authenticated by the proper American Consular officers and the Acting Secretary of State, which were received by the trial judge subject to objection and later ruling as to their admissibility. The first was a baptismal certificate, issued by the Rector of the Roman Catholic Church at Kupiskis, Lithuania, certifying from the church record that on June 13, 1902, a child named Jonas Bukys was baptized there. The certificate contained recitals of the date and place of birth of the child and of the names of his parents. This was merely a church record of baptism and it was not admissible to prove the date or place of birth, even though it contained recitals of those facts. Dailey v. Grand Lodge, 311 Ill. 184, 142 N.E. 478; State v. Larocca, 157 La. 50, 101 So. 868, 36 A.L.R. 686; Durfee v. Abbott, 61 Mich. 471, 475, 28 N. W. 521; Houlton v. Manteuffel, 51 Minn. 185, 53 N.W. 541; Supreme Assembly, Royal Society v. McDonald, 59 N.J.Law 248, 35 A. 1061; State v. Snover, 63 N.J. Law, 382, 43 A. 1059; Clark v. Trinity Church, 5 Watts & S.(Pa.) 266, 269; Herman v. Mason, 37 Wis. 273; Lavin v. Mutual Aid Society, 74 Wis. 349, 43 N. W. 143; Sitler v. Gehr, 105 Pa. 577, 600, 51 Am.Rep. 207.

The other document offered by the government was a certificate dated July 11, 1934, by the civil registrar of Ragnit that he was authorized to issue birth certificates and that the local civil registers did not show that Johann Bukis was born in Ragnit. This was also inadmis-sible since proof that something is not to be found in the records may not be made by a mere certificate of the custodian, but is a matter of fact which must be shown by the testimony of a person who has searched the records, with an opportunity to cross-examine. United States v. Bass (C.C.A.) 64 F.(2d) 467, 470; Polk's Lessee v. Wendell, 5 Wheat. 293, 310, 5 L.Ed. 92.

The two documents referred to constituted the only relevant evidence offered by the government to prove that the respondent was born in Lithuania and not in Germany and, since neither of them was competent for that purpose, it follows that the government has failed to meet the burden of proof cast upon it.

The petition is dismissed.