MARY McGLADE v. HOME INSURANCE COMPANY.

Submitted March 17, 1904—Decided January 20, 1905.

Where a general averment of the performance of conditions precedent has imposed upon the opposite party the duty of pleading specifically under section 118 of the Practice act (*Pamph. L.* 1903, *p.* 570), such duty is not complied with by reason of matter contained in a written response to a demand for a specification of defences under the one hundred and fourth section of the same act.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *William J. Kraft* and *Howard Carrow.*

For the defendant, *Norman Grey.*

The opinion of the court was delivered by

GARRISON, J. This action is brought upon a policy of tornado insurance issued by the defendant. The plaintiff proved the fact and *quantum* of her loss. The defendant offered no testimony. The verdict is consistent with the evidence.

It is urged, however, that the trial court erred in its refusal to nonsuit the plaintiff for failure to prove the giving of notice of loss required by the policy. The plaintiff had averred the performance of conditions precedent generally under section 118 of the Practice act (*Pamph. L.* 1903), so that the ruling of the trial judge followed the cases of *Supreme Assembly* v. *McDonald,* 30 *Vroom* 248; *Ottawa Tribe* v. *Munter,* 31 *Id.* 459; *Dimick* v. *Metropolitan Life Insurance Co.,* 38 *Id.* 367; *Vail* v. *Pennsylvania Fire Insurance Co.,* 38 *Id.* 422.

The defendant sought to avoid the force of these decisions by showing that in response to a demand for a specification of defences, under section 104 of the Practice act, it had specified the failure of the plaintiff to give the proofs of loss required by the policy. This practice provision has, however, no bearing upon the question under consideration, which is a statutory regulation touching a matter of record and requires that a condition precedent, the performance of which is to be contested by a party, shall be specified in his *pleading*—that is to say, shall be made a part of the record. The response to a demand under section 104 does not become and cannot be treated as a part of the record; it is a mere notice, and is so denominated by the statute, which permits it to be filed as such. *Pamph. L.* 1903, *p.* 568.

There is no error in the ruling of the trial court.

The rule to show cause will be discharged, with costs.