PAUL SHALLCROSS v. WEST JERSEY AND SEASHORE RAILROAD COMPANY ET AL.

Argued June 5, 1907—Decided November 11, 1907.

By virtue of the statute permitting the filing of several pleas, a defendant may to a count in trespass plead not guilty and also a justification, and the plea of a justification is not evidence to justify a finding for the plaintiff on the plea of not guilty.

On rule to show cause.

For the plaintiff, *Harvey F. Carr (Wilson, Carr & Stackhouse)*.

For the defendants, *Thomas L. Gaskill*.

The opinion of the court was delivered by

SWAYZE, J.   Four corporations were made defendants in this suit.   At the trial the plaintiff suffered a voluntary nonsuit as to the Philadelphia and Camden Ferry Company, and a verdict was rendered against the West Jersey and Seashore Railroad Company, the Pennsylvania Railroad Company and the United New Jersey Railroad and Canal Company.   We fail to find any evidence connecting the last-named company with the injury of which the plaintiff complains, and the only ground on which the motion to nonsuit as to that company was resisted was its plea of justification.   But this plea was accompanied by a plea of not guilty.   Although these pleas are inconsistent, it is permissible to file inconsistent pleas since the statute of 4 *Anne,* which appears in a modified form in our Practice act as section 116.   *Pamph. L.* 1903, *p.* 570; *Parks* v. *McClellan,* 15 *Vroom* 552.   Tidd cites a case where in trespass the defendant pleaded not guilty and several pleas in justification.   1 *Tidd* 659.

Manifestly the permissibility of such inconsistent pleas prevents the plea of justification from being evidence in the

plaintiff's favor on the plea of not guilty, even if pleadings are to be treated as admissions of the parties, which may well be doubted. *Greenl. Ev. (Wigm. ed.)*, § 186.

The effect of a bill of particulars (*Lee* v. *Heath*, 32 *Vroom* 250) rests on a different ground. It is an admission of a party, and not a mere pleading by an attorney.

The trial judge charged the jury that "if they believed from the testimony that the act was wanton or malicious on the part of the agents of the company, they would be justified in adding to the compensatory damages such an additional amount as would be a lesson to the defendants and prevent a repetition of such conduct—what the law calls vindictive damages or smart money." He added an expression of his own opinion that the evidence hardly seemed to show malicious conduct on the part of the officers who arrested the plaintiff, but said that while that was the way the testimony impressed him, yet, if the jury thought differently, they might award vindictive damages. The natural inference from this charge was that punitive damages might be given against the companies if the officers, their employes, acted maliciously. This is not the rule. The defendants cannot be charged with punitive damages for the illegal, wanton or oppressive conduct of their servants unless they participated in the wrongful act of the servant, either expressly or impliedly, by conduct authorizing or approving it, either before or after it was committed. *Fohrman* v. *Consolidated Traction Co.*, 34 *Vroom* 391; approved by the Court of Errors and Appeals in *Haver* v. *Central Railroad Co.*, 35 *Id.* 312. In the latest case, *Carey* v. *Wolff & Co.*, 43 *Id.* 510, a verdict for punitive damages was sustained because the corporation itself had issued an attachment against a man when there was no debt, and the executive officers of the company had assented to the tortious act of the constable in seizing the property of the defendant's wife, and by subsequent conduct had evinced a determination to oppress her. In the present case the tort was committed by mere employes, and there is nothing to show knowledge on the part of the executive officers.

Upon the argument I was inclined to think that the charge

might be sustained upon the theory that the West Jersey Railroad Company, by pleading in justification, had adopted its officers' acts. Whether such a plea filed by the attorney would of itself in any event be evidence of an adoption by the company of the agents' tort need not be decided. The charge did not refer to the plea, but allowed the jury to find punitive damages for malice of the agents, without regard to whether the company had authorized or ratified their acts. The plea was not put in evidence or referred to. Moreover, the charge made no distinction between the Pennsylvania Railroad Company, which pleaded merely not guilty, and the West Jersey Railroad Company, which added the plea of justification. Clearly no punitive damages could have been allowed against the Pennsylvania Railroad Company.

We cannot now tell whether the jury in their verdict allowed for punitive damages or only for compensatory damages, but as the charge permitted them to award for both, the rule must be made absolute.