ANNA JOHNSON, PLAINTIFF IN ERROR, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued June 30, 1909—Decided November 15, 1909.

Upon the trial, based upon a declaration which alleges only the common-law liability of defendant as a common carrier, by reason of the loss of plaintiff's goods by fire; and where it appeared as part of plaintiff's case that the liability was qualified by the introduction of a bill of lading, by the terms of which loss "by fire or by flood" excused the carrier from performance—*Held,* that it was incumbent upon the plaintiff to show as a basis for recovery, not only a loss by fire, but also that the fire was attributable to some act of negligence upon defendant's part.

On error to the Atlantic Circuit.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *John J. Crandall.*

The opinion of the court was delivered by

MINTURN, J. The case presented at the Circuit was upon a declaration which alleged that the defendant "undertook for hire, as a common carrier, to transport and carry safely" a certain stock of rags delivered to it by the plaintiff, from Atlantic City to the city of Philadelphia; and that having failed so to do, its common law liability as a common carrier attached.

Upon the trial, the plaintiff found it necessary to introduce in evidence a bill of lading issued to her by defendant at the time of the delivery of the goods for transportation; which, when admitted, was found to contain the contract of the parties, including a provision which changed the common law *status* of the carrier, from that of an insurer as presented by the allegation of the declaration, to that of a common carrier of limited liability. The bill of lading provided

*inter alia* that "every service to be performed hereunder shall be subject to all the conditions whether printed or written herein contained; and which are agreed to by the shipper, and accepted for himself and assigns, as just and reasonable." Among the conditions referred to was the following:

"No carrier, or party in possession of all or any of the property herein described, shall be liable for any loss thereof or damage thereto, by causes beyond its control; or by floods or by fire; or by quarantine; or by riots, strikes or stoppage of labor; or by leakage, breakage, chafing, loss in weight, changes in weather, heat, frost, wet or decay; or from any cause, if it be necessary, or is usual to carry such property upon open cars."

Upon the plaintiff's case, it appeared that the goods in question were lost by fire, while in defendant's car at Philadelphia, awaiting delivery to the consignee. The question of variance thus presented between pleadings and proof was not pressed at the trial, but the parties proceeded with the trial upon the issue thus formulated. The defendant at the close of plaintiff's case moved for a nonsuit, which was refused, and the case was submitted to the jury, who returned a verdict for the plaintiff.

We are of the opinion that the nonsuit should have been ordered. Undoubtedly, if the plaintiff had rested upon the allegations of her declaration, without the introduction of the contract, the defendant's common law liability, as an insurer, would be clear, and a *prima facie* case would have been established. *Mershon* v. *Hobensack, 2 Zab.* 372; *Kinney* v. *Central Railroad, 5 Vroom* 273.

But the introduction of the bill of lading limiting defendant's liability, by excepting therefrom loss sustained in transit by "flood or by fire," changed the issue, by imposing upon the plaintiff the burden of showing that the fire in question was due to the defendant's want of due care. That a common carrier may thus limit its liability has been determined by this court. *Russell* v. *Erie Railroad, 41 Vroom* 808; *Atkinson* v. *New York Transfer Co., 47 Id.* 608.

That it may except from its general liability loss by fire to

goods while in transit, and that such exception is not unreasonable, has been determined by the United States Supreme Court. *New York Central Railway Co.* v. *Lockwood,* 17 *Wall.* 357; *Cau* v. *Texas and Pacific Railway Co.,* 194 *U. S.* 427.

As well as by the courts of this country and of England. *Hoadley* v. *Northern Transportation Co.,* 115 *Mass.* 304; *New York Central* v. *Standard Oil Co.,* 87 *N. Y.* 486; *Colton* v. *Cleveland Railroad Co.,* 67 *Penn.* 211; *Davis* v. *Central Vermont Railroad,* 66 *Vt.* 290; *Peek* v. *North Staffordshire Railway,* 10 *H. L. Cas.* 473; *Hornthal* v. *Roanoke Company,* 107 *N. C.* 76.

The effect of such a limitation has been held by the Supreme Court of this state, in a case involving substantially the same characteristics as the case at bar, to be that "the mere non-delivery and proof of loss by fire did not make out the case of the plaintiff; which, in view of the contract of carriage, must rest upon the negligence of the carrier with respect to the loss by fire. Such negligence not appearing in the testimony of either party, the defendant was entitled to a judgment." *Michaels* v. *Adams Express Co.,* 42 *Vroom* 41. That such is the rule sanctioned by the general trend of authority is abundantly apparent. *Coke's Note to Southcote's Case,* 4 *Coke* 83; *Hyde* v. *Trent. Nav. Co.,* 5 *T. R.* 389; *Davis* v. *Railroad Company,* 89 *Mo.* 340; *Porter* v. *Chicago and Rock Island Railroad Co.,* 20 *Ill.* 407; *Moore* v. *Michigan Central Railroad,* 3 *Mich.* 23; *Story Bailm.* 549; *Hut. Car.* 354; 6 *Cyc.* 386, and cases.

For this reason the motion to nonsuit should have been granted, and the judgment below is therefore reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Garrison, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, Congdon, JJ. 14.