JAMES LIVESEY, MARY EDITH LIVESEY AND MARY EDITH LIVESEY, ADMINISTRATRIX OF MARY ANN LIVESEY, DECEASED, v. SAMUEL A. BESSON AND JOHN R. SPOHR, LATE PARTNERS, ETC.

Argued November 9, 1911—Decided February 26, 1912.

1. Where the gist of an action is the existence of a judgment, such judgment cannot be proved by parol.
2. A fact, traversed in one plea, but admitted in an inconsistent plea will not dispense with proof of such fact at the trial.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the plaintiffs, *Frederic M. P. Pearse.*

For the defendants, *Joseph M. Roseberry.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiffs sued the defendants, who are attorneys-at-law, for negligence in failing to interpose a plea for them, in an action brought against them, and allege in their first count that the defendants carelessly and negligently conducted themselves, so that judgment by default was entered

in the suit and the plaintiffs were obliged thereby to pay large sums of money. The second count avers that the defendants omitted to file a proper plea, and judgment by default ensued.

A nonsuit was ordered, because the plaintiffs failed to produce in evidence the judgment record, but sought to show by oral proof that judgment by default had been entered, and to this end called one of the defendants to the stand and asked him whether a judgment by default had been entered, in the suit in question. The question on objection was overruled. A nonsuit was then ordered.

The entry of the judgment by default for want of a plea was the gist of the action. In order to show what occurred in the other suit, with reference thereto, the production of the record was the best evidence and was necessary. Where the record is not in the same court, it should be proved by exemplification, or, at common law, it might be removed by *certiorari. Greenl.*, §§ 501, 502. In the same work, section 86, it is said:

"Even the admission of the fact by a party does not supersede direct proof of matter of record by which it is sought to affect him, for the record being produced may be found irregular and void and the party might be mistaken."

In *Lomerson* v. *Hoffman,* 4 *Zab.* 674, it is said "a judgment cannot be proved by parol for any purpose."

It yet, however, remains to be inquired, whether the "default" is admitted by the pleadings. The plea of general issue cast upon the plaintiffs the burden of proving their entire case. A special plea was filed by the defendants alleging that "it was the duty of the plaintiffs, upon the entry of the judgment by default, as alleged in the declaration to do all they could to avert the effect, and this the defendant requested immediately after the entry of the judgment by default to do all they could to avert," &c.

Was this an admission by the pleadings sufficient to dispense with proof of the judgment? The question was considered by this court in *Shallcross* v. *West Jersey and Seashore Railroad Co.,* 46 *Vroom* 395, and that authority controls this case. A fact, traversed in one plea, but admitted in an inconsistent plea will not dispense with proof of such fact at the trial.

There was also a notice of special matter annexed to the plea of general issue, stating that "before and at the entering of the judgment by default, the plaintiffs were indebted to the judgment creditors, the plaintiffs in the default judgment in $3,500. And at the time of entering the judgment by default, &c."

It has long been held that notice of special matter is no part of the record (*Stevenson* v. *Schenck, Penn.* 434), but must be regarded as a mere notice. A response to a demand for a specification of defences was so regarded. *McGlade* v. *Home Insurance Co.,* 42 *Vroom* 40; *Shallcross* v. *West Jersey, &c., Railroad, supra.*

This notice was not offered in evidence, and therefore is not a part of the proof.

The rule to show cause will be discharged.