## COMMONWEALTH *vs.* DANIEL H. GILES.

Evidence of sales of fermented liquors is admissible in support of an indictment charging the defendant with being a common seller of " spirituous and intoxicating liquors," and setting forth three specific sales of fermented liquors, " said sales constituting and being three several sales of spirituous and intoxicating liquors."

On the trial of one indicted as a common seller of spirituous and intoxicating liquors, who has been previously furnished, by order of the court, with a list of the names of the persons to whom sales would be proved, evidence of sales to other persons is inadmissible.

*It seems*, that the question, whether a bill of particulars or specification of facts shall be required, is, in all cases, civil and criminal, exclusively within the discretion of the presiding judge.

THIS indictment, returned by the grand jury at December term 1853 of the court of common pleas for the county of Hampshire, alleged that the defendant at Northampton, on the first day of August 1852, and on divers other days and times between that day and the first day of December 1853, without any authority or license therefor, &c. " did presume to be and was a common seller of wine, brandy, rum, gin, whiskey, and other spirituous and intoxicating liquors, in and about a building then and there used by him as a shop, sales room, and place of business, and did then and there, and on said other days and times there, without any license, appointment or authority to sell such liquors for any purpose, commonly sell spirituous and intoxicating liquors to divers persons, more than three in number, to wit, to John R. Gilman one glass of intoxicating liquor, to wit, one glass of porter; to John R. Whittlesey one glass of intoxicating liquor, to wit, one glass of cider; and to Sylvester

Bridgman one glass of cider, the same being intoxicating liquor; and to divers other persons whose names and persons to said jurors are as yet unknown; said sales constituting and being three several sales of spirituous and intoxicating liquors."

At the trial in said court, before *Bishop*, J. no evidence was offered of any sale by the defendant of spirituous liquor. The defendant objected, that evidence of sales of fermented liquor would not support the indictment, charging the defendant with being a common seller of spirituous and intoxicating liquors. But the judge overruled the objection.

Before the trial, the defendant, upon his motion, had been furnished, by order of the court, with a list specifying the names of the persons to whom sales would be proved. At the trial, the district attorney offered evidence of other sales, to persons not named in this specification. To the admission of this evidence the defendant objected; but the judge admitted it, for the purpose of showing the place of delivery, and that the defendant was engaged in the business or occupation of a common seller of intoxicating liquors.

The defendant, being convicted, alleged exceptions to these rulings.

*G. T. Davis,* for the defendant. 1. The distinction between spirituous liquors, and fermented or intoxicating liquors not spirituous, is well established. Rev. Sts. *c.* 47, § 21. *Sts.* 1844, *c.* 102, § 1; 1850, *c.* 232, §§ 1, 3. *Commonwealth* v. *Herrick,* 6 Cush. 468. *Commonwealth* v. *Thayer,* 5 Met. 246. Proof of sales of fermented liquors, not spirituous, did not support the allegation in the indictment. It was not necessary to aver that the liquors sold were both spirituous and intoxicating; but that averment having been made, and being a descriptive and limiting allegation, must be fully proved. 1 Stark. Ev. (4th Amer. ed.) 388. 3 Stark. Ev. 1550. *Buddington* v. *Shearer,* 20 Pick. 478. *Rex* v. *Shaw,* 1 Leach, (3d ed.) 92.

2. Evidence of particular sales, not notified to the defendant by the bill of particulars, was inadmissible for the purpose of proving the offence of being a common seller. *St.* 1852, *c.* 322,

§ 12.  *Commonwealth* v. *Snelling*, 15 Pick. 331.  *Rex* v. *Hodgson*, 3 Car. & P. 422.  *Commonwealth* v. *Davis*, 11 Pick. 435. *Commonwealth* v. *Pray*, 13 Pick. 363.

*J. H. Clifford*, (Attorney General,) for the Commonwealth 1. The distinction between spirituous and intoxicating liquors was obliterated by *St.* 1850, *c.* 232.  *Commonwealth* v. *Herrick*, 6 Cush. 468.  Where a statute defines a criminal act in the alternative, and the indictment alleges both alternatives, proof of one is sufficient.  *Commonwealth* v. *Soule*, 2 Met. 21.  As " intoxicating " includes " spirituous," " spirituous " may be rejected as surplusage.  *Watertown* v. *Draper*, 4 Pick. 165.

2. The statute does not require a specification to be furnished ; it is even doubtful whether the requiring of a specification is not exclusively within the discretion of the presiding judge; and the judge having required one, it was sufficient to confine the district attorney to it for the purpose of proving specific sales. As tending to support the charge of being a common seller, the evidence was rightly admitted.  *Commonwealth* v. *Odlin*, 23 Pick. 278.  *Commonwealth* v. *Tubbs*, 1 Cush. 2.

MERRICK, J.   The evidence of sales of fermented liquors, though objected to, was properly allowed to be given on the trial.  The assumption of the defendant, that the accusation against him is limited, by the description of it in the indictment, to a charge of unlawful dealing in those liquors only which are spirituous, as well as intoxicating, is manifestly erroneous. Beside the general allegation that he was a common seller of spirituous and intoxicating liquors, it is specially averred that he sold fermented liquors, in quantities particularly mentioned; on three different occasions, to as many different individuals.  These last were material averments, because it is expressly declared by the statute that three such sales shall constitute a violation of that particular provision which prohibits all unauthorized persons from being common sellers of either spirituous or intoxicating liquors.  *St.* 1852, *c.* 322, § 12.   Proof therefore of the truth of these averments was proof of the guilt of the defendant, and no competent evidence of the facts so averred could be rightly excluded.

But another objection of the defendant is of more importance and of greater weight. Under an order of the court, he had been furnished before the trial, by the counsel for the government, with a list specifying the names of the persons to whom the sales, which would be relied upon in support of the indictment, had been made. Yet, upon the trial, the government was permitted, against objection, to adduce proof of sales which were neither alleged in the indictment, nor indicated in the specification.

It is now a general rule, perfectly well established, that in all legal proceedings, civil and criminal, bills of particulars or specifications of facts may and will be ordered by the court whenever it is satisfied that there is danger that otherwise a party may be deprived of his rights, or that justice cannot be done. Whether such an order shall be made is a question within the discretion of the court where the cause in which it is asked for is pending, to be judged of and determined upon the peculiar facts and circumstances attending it.* We are inclined to think that such a determination is final in the court where it is made, and is not open to reëxamination or revision. But whether this be so or not, when it is once made, it concludes the rights of all parties who are to be affected by it; and he, who has furnished a bill of particulars under it, must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration. *Commonwealth* v *Snelling*, 15 Pick. 321.

The evidence, therefore, of sales not mentioned in the list which was furnished to the defendant in the present case, was inadmissible, and should have been rejected. The particular purpose for which it was allowed to be adduced, scarcely, if at all,

---

* In the case of *Commonwealth* v. *Elwell*, (*ante*, 463,) to the point (which was not decided in that case) that the defendant was entitled, of right, to a specification of the acts of sale relied on in support of the prosecution, were cited ; Greenl. Ev. § 66 ; Rosc. Crim. Ev. (2d ed.) 218, 275, 405, 425, 527 ; 1 Russ. on Crimes, (7th Amer. ed.) 184, 330 ; 6 Dane Ab. 737 ; *Lambert* v. *The People,* 9 Cow. 586 ; *Commonwealth* v. *Pray*, 13 Pick. 363 ; *Commonwealth* v. *Davis,* 11 Pick. 434 ; *Commonwealth* v. *Snelling*, 15 Pick. 321.

limiting or diminishing its general force and effect, constituted no exception to the general rule, and afforded no sufficient or legal reason for disregarding it.   On the contrary, it seems to be particularly fit and necessary that the rule should have been supported and enforced, because this evidence, of which the defendant was impliedly assured that nothing should be offered, tended directly and strongly to his conviction of the offence of which he was accused.   His general occupation, employment and business was the very fact in issue.   And that fact could be the more easily established if the government were allowed, in the indirect manner proposed, to avail itself of evidence of the "place of delivery," to which the statute gives an artificial and peculiar importance and efficacy.   *St.* 1852, *c.* 322, § 12.

As this evidence was material, and the defendant may have been injuriously affected by it, a new trial must be granted.

*Exceptions sustained.*