(93 South. 582)

No. 25296.

STATE v. BRACKINS.

(June 27, 1922.)

*(Syllabus by Editorial Staff.)*

Intoxicating liquors ⬤⇒139 — Possession for beverage. purposes is offense though not possessed for sale.

Under Act No. 39 of 1921 (Ex. Sess.), §§ 1 and 3, the possession of intoxicating liquor for beverage purposes is a punishable offense, though the liquor is not possessed for sale.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Henry Brackins was convicted of having possession of intoxicating liquors for beverage purposes, and he appeals. Affirmed.

John L. Kennedy and Sidney G. Roos, both of Lafayette, for appellant.

A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Defendant was charged with having in his possession "four quarts of intoxicating liquors, for beverage purpos-

es, and without permit or authority from the federal government," and, having been convicted, he appeals.

We are informed by the brief of defendant that:

"Numerous bills of exception were taken during the course of the trial and will be found in the record, but reliance is placed mainly upon the two bills taken to the action of the court in overruling defendant's motion to quash the information and his motion in arrest of judgment."

Motion to Quash.

The motion to quash was based upon the contention that Act No. 39 of 1921 (Ex. Sess.), known as the Hood Bill, is unconstitutional, first, because section 4, permitting the fermenting of wine and brewing of beer by householders, is in conflict with the Volstead Act, or federal Prohibition Law (41 Stat. 305), and, second, that the provisions of section 8 of said Hood Bill, referring to federal legislation for the definition of certain intoxicants, violates article 3, § 18, of the Constitution of 1921.

Both of these questions in the sense in which they are presented here were passed on adversely to the contention of defendant in the recent case of State v. F. C. Coco (No. 25226) ante, p. 241, 92 South. 883. We adhere to the views therein expressed, without finding it necessary to repeat them here.

Motion to Arrest Judgment.

It is further contended, in support of the motion to arrest the judgment, that the act does not penalize the possession of intoxicants except where the same are kept for sale. However, we find that section 1 declares:

"That no person shall manufacture, sell, or in any manner dispose of, transport, deliver or possess intoxicating liquors within this state, export the same from or import the same into this state for beverage purposes."

And the penal section of the statute provides:

"Section 3. That any person who shall violate the provisions of this act by manufacturing, or having in possession, for sale, or, by selling intoxicating liquors shall be guilty of a misdemeanor, and upon conviction for the first offense shall be fined not more than five hundred dollars ($500.00) and be imprisoned not less than ten days nor more than sixty days, and for the second or subsequent offense, shall be fined not less than one hundred dollars ($100.00), nor more than one thousand dollars ($1,000.00) and be imprisoned not less than thirty days nor more than twelve months; and any person who shall otherwise violate the provisions of this act shall, upon conviction, be fined as hereinabove provided, or, may be imprisoned not exceeding the maximum limits hereinabove provided, or, may be both fined and imprisoned, at the discretion of the court."

It is thus seen that, as to the first class of violations, "manufacturing, or having in possession for sale * * * or * * * selling intoxicating liquors," no discretion is left to the judge but to impose both a fine and imprisonment, within the limits named; while, as to all other violations, he may impose either a fine or imprisonment, or both, at his pleasure. We take it that the purpose was to strike more effectively at the traffic in intoxicants by imposing severer penalties.

Counsel have not discussed the other bills in the record, but, after examining them, some 11 in number, we find nothing therein to justify our disturbing the sentence and judgment appealed from, and the same are therefore affirmed.