By the WHOLE COURT.
DAWKINS, J.
Defendant appeals from a conviction and sentence for possessing intoxicating liquor for beverage purposes in violation of the Hood Bill. He relies for reversal upon three bills of exception, which we shall discuss in consecutive order, as follows:
Bill No. 1.
 The first was to the overruling of a motion to quash which alleged that the bill of information did not set forth an offense under the laws of the state, and particularly Act 39 of 1921 (Extra Sess.). This motion involves the same contention as was made in the case of State v. Brackins, 152 La. 445, 93 South. 582. Counsel admits that there are other features of the act, embraced in section 1, such as the transportation, etc., of intoxicants, which may be punished or sentenced under the latter part of section 3, as quoted in the Brackins Case; but contends, that, inasmuch as the first part of said section 3, deals with manufacture and possession, it was intended to punish only such manufacture and possession when accompanied by a purpose to sell. It is argued that, although section 1 denounces as unlawful any kind of possession, manufacture, transporting, etc., except upon proper permit, the possession other than for sale is not, in terms, declared to be a misdemeanor, and hence the Legislature did not intend to punish it. We know of nothing which requires that the lawmaking body shall denounce in any particular form any given act. It is sufficient that such act be declared unlawful and a penalty prescribed therefor.
As said in the Brackins Case, we think 'it .was clearly the purpose of, the Legislature to make a distinction between manufacture and possessing fox sale and all other violations, by requiring a necessary jail sentence for the two former offenses. This seems clearly indicated by the title of the act, which is—
“To prohibit the manufacture, sale, transportation, delivery, possession, advertisement, exportation and importation of intoxicating liquors for beverage purposes, and for non-beverage purposes, except where authorized by permit from proper federal authorities, and to provide penalties for the violation of this Act,” etc.
Bill No. 2.
The second bill was reserved to the denial of a motion for a bill of particulars. The motion asked that the state be required to state:
“First. The time when, and the place where, the alleged liquor is > charged to have been in possession of defendant.
“Second. The kind and quantity of liquor.
“Third. The nature of the possession set forth in the said indictment, that is to say whether the possession charged was an actual possession or a constructive possession.”
Defendant was entitled to know with reasonable definiteness the time and place where the liquor was possessed; that is, whether *13 in Ms home, or at some other place, so that his attention might reasonably be directed to the circumstances relied upon. This is especially true, since possession of intoxicants, even for beverage purposes, under the circumstances detailed in section 4, is excepted from the operation of the act.
It could hardly be conceived that any court would convict an accused because intoxicating liquor was found in some remote spot upon his premises, unless the evidence showed that it had found its way there at his hands or by his direction. It is not at ¿11 impossible, and we might say, not unlikely, that some one with a grudge against another, might “plant” or place intoxicants upon one’s premises, without his knowledge, and bring about its discovery by the'law enforcement agencies for purposes of revenge. Hence, if mere presence alone, and without any circumstance connecting the owner of the property with it, were sufficient, no one would be safe from a designing enemy.
We believe, therefore, that having asked for a bill of particulars before pleading, the accused was entitled to have the information called for by the first specification of his motion.
He was also entitled to know the kind and quantity of liquor he was charged with possessing. We so held before the coming of national prohibition, and the wisdom and necessity of such a ruling is thoroughly illustrated by the great number and varying composition of the concoctions with which the country is now afflicted.
The third specification merely calls for a conclusion of law. Accused was only entitled to know the facts to be relied upon, and it would then become the duty of the court to determine the legal consequences of the facts so alleged or proven, as the case might be.
Having concluded to set aside the conviction and to remand the case for a new trial,, it becomes unnecessary to consider the tMrd bill.
For the reasons assigned, the conviction and sentence are set aside, and this case is remanded for further proceedings according to law, not inconsistent herewith.