# CHARLESTON.

## STATE v. H. G. JACKSON.

(No. 5175)

Submitted September 29, 1925.   Decided December 8, 1925.

CRIMINAL LAW—*Instruction Directing Conviction on Finding That Accused Was Owner of Liquors Seized Held Error.*

In a trial for unlawfully manufacturing, selling, offering, exposing, keeping and storing for sale spirituous liquors, an instruction is erroneous which directs a verdict of conviction upon the mere finding of fact by the jury that the defendant is the owner of the liquors, seized under a search warrant.

(Criminal Law, 16 C. J. § 2316.)

Error to Circuit Court, Wyoming County.

H. G. Jackson was convicted of manufacturing, selling, offering, exposing, keeping, and storing intoxicating liquors for sale, and he brings error.

*Reversed and remanded.*

*J. Albert Toler,* for plaintiff in error.
*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant was tried and convicted in the circuit court of Wyoming county upon a warrant charging him with "manufacturing, selling, offering, exposing, keeping and storing for sale intoxicating liquors". To the judgment imposing a jail sentence of ninety days and fine of $200.00 he prosecutes error.

Acting under a search warrant directing the search of a certain poolroom and premises known as the A. B. Shannon building in the town of Mullens, Wyoming county, the sheriff, one of his deputies, and a State prohibition agent, found in the furnace room of the building, adjoining and connecting

with the poolroom operated by defendant, a half gallon fruit jar of liquor, and a number of empty vessels. The defendant denied interest in, and knowledge of, the liquor.

The grounds of error assigned are: (1) that the officers were not authorized under the warrant to search any part of the building except the poolroom, and that the evidence of the liquor found in the furnace room was therefore improperly admitted; and (2) that the trial court erred in granting an instruction tendered for the State and refusing others offered by the defendant.

The first point is without merit. The furnace room, connecting with the poolroom, was clearly within the description of the place to be searched. The word "premises" means land and the buildings and structures thereon. *McSherry* v. *Heimer,* 132 Minn. 260.

The instruction for the State, complained of, directed the jury to find the defendant guilty if they believed he owned the liquor found in the furnace room.

Two of defendant's instructions, refused, would have told the jury that in order to convict the defendant they must believe from all the evidence that he kept or stored the liquor for sale.

The trial court, in acting upon the instructions, proceeded upon the theory that the mere possession or ownership of the liquor by the defendant was conclusive evidence that he was keeping or storing it for sale.

Section 11, Chapter 32-A Code, provides that the finding of intoxicating liquors under a search warrant "shall be *prima facie* evidence of unlawful sale and keeping and storing for sale of the same" by the occupant of the premises searched. The validity of this statute was upheld in *State* v. *Counts,* 90 W. Va. 338. That case, however, is authority for the further holding that in a trial on a warrant for unlawful manufacturing, selling, offering, exposing, keeping and storing for sale spirituous liquors, an instruction is erroneous which tells the jury: "Under the provisions of the prohibition law of this State, the finding of intoxicating liquors on the premises of defendant by the officers of the law under a search and seizure warrant makes a *prima facie* case, and if

the defendant would remove this presumption the burden is on him to show by a preponderance of the evidence that he had said liquors for a lawful purpose''.

In the opinion of the case it is said:

> ''The weakness and insufficiency of the instruction lies in the assumption that defendant must remove this presumption by a preponderance of the evidence, leaving out the qualification that, if his evidence of the lawful possession of liquors creates a reasonable doubt of his guilt as charged then he should be acquitted.  *  *  *  The instruction as given might have led the jury to believe defendant must prove beyond a reasonable doubt his possession of the liquors for a lawful purpose.  The burden of proving guilt beyond a reasonable doubt remains with the prosecution throughout the trial, and this plain and simple requirement of the law should be given in any instruction which tells the jury that the burden of proof shifts to the defendant to rebut a *prima facie* presumption of guilt''.

Section 31, Chapter 7, Acts 1915, prohibited the transportation of liquors exceeding in the aggregate one-half of one gallon in quantity, without being labeled.  The statute provided further that liquors found in the possesison of any person violating the act should be conclusive evidence of the unlawful keeping, storing, and selling thereof by such person.

In *State* v. *Sixo*, 77 W. Va. 243, the statute was held unconstitutional in so far as it attempted to make the possession of the liquor conclusive evidence of the unlawful keeping or storing for sale.  Declaring erroneous an instruction that liquors in possession of a person, in violation of said section, shall be conclusive evidence of the unlawful keeping, storing and selling of the liquors by such person, in the opinion of the case it is stated:

> ''Following this instruction, all the State would have to prove, in addition to proving the time and place, upon the trial of an indictment charging a person with unlawfully keeping, storing or sell-

ing intoxicating liquors, would be the possession
of the liquors in the quantities named and that
they were not marked or labeled as required by
this act. The possession of the liquors in quanti-
ties of more than one-half of one gallon not labeled
as required by this act by the defendant at the
time and place alleged in the indictment would
have to be accepted by the jury as conclusive evi-
dence of the keeping, storing and selling. There
is no such relation between the act of having the
liquors in possession under these circumstances,
and the act of unlawfully keeping, storing and
selling the same, as would make such possession
conclusive evidence of keeping, storing or selling.
This would be to make one act proof of the act for
which the defendant was being tried, without per-
mitting him to prove that he did not commit the
unlawful act charged. Under such circumstances,
a person might be convicted without due process
of law. It has been truly said that 'closing the
mouth of a person when he comes into court has
the same effect as depriving him of his day in court
to vindicate his rights'. We are clearly of opinion
that so much of said Section 31 as relates to liquors
in the possession of any person violating this sec-
tion, and providing that the liquors in possession
of such person 'shall be conclusive evidence of the
unlawful keeping, storing and selling of the same
by the person having such liquors in his posses-
sion', is unconstitutional and void.''

Then the action of the trial court, in granting and refus-
ing the instructions under consideration, is erroneous, be-
cause : (1) the statute makes possession of intoxicating liquors
seized under a search warrant only *prima facie* evidence of
intention by the possessor to sell the same; and (2) a statute
making such possession conclusive evidence of intended sale
would be unconstitutional. Of course a court could not adopt
and enforce a rule of procedure not authorized by the statute
or common law, and violative of Constitutional principles.

The judgment of the circuit court will be reversed, the ver-
dict of the jury set aside, and a new trial awarded the de-
fendant.

*Reversed and remanded.*