STATE OF WEST VIRGINIA *v.* JACKSON SMITH

(No. 8348)

Submitted May 13, 1936.   Decided June 16, 1936.

*File, File & Scherer* and *J. Q. Hutchinson,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Jackson Smith, was tried, convicted and sentenced to the penitentiary for two years by the criminal court of Raleigh County upon an indictment charging him with embezzlement and larceny of $4,708.65 of good and lawful money of the United States of America, belonging to Raleigh County. The circuit court affirmed the judgment of conviction.

The embezzlement count, in the statutory form, charges that the money came into possession of the defendant by virtue of his office and employment as clerk of the county court of Raleigh County. The defendant was clerk of the county court of Raleigh County from January 1, 1915, to December 31, 1932. He also served twelve years as clerk of the circuit court of the county immediately

preceding his tenure as clerk of the county court. D. D. Ashworth and Carl C. Sanders (practicing attorneys in Raleigh County) who were appointed by the trial court to prosecute the case, aided the prosecuting attorney and his assistant in the preparation and trial thereof. The indictment was returned January 7, 1935. January 19th, the case was set for trial January 23rd. On January 21st, the defendant moved for a bill of particulars which was furnished January 23rd (the day on which the trial began). It stated, substantially, that the prosecution would rely upon evidence of embezzlement and larceny by defendant of $4,708.65 (less an item of $13.00), as charged in the indictment, consisting of specified monthly shortages in the accounts of defendant as clerk of the county court from June 1, 1931, to December 31, 1932. The specification further informed the defendant: "Proof of the prior shortages of his office as such county clerk will be offered for the purpose of showing intent, method, motive and knowledge of the immediate things charged in the indictment on which he is being tried in this case." Defendant objected to the bill of particulars and moved that the evidence be confined to the items of alleged shortage constituting the charge in the indictment. This motion having been overruled, defendant then moved for a continuance to prepare his defense, and also objected to the appearance of the special counsel for the state. The motion and objection were overruled and the case proceeded to trial.

To meet the issue on its part, the state introduced in evidence an audit of defendant's official accounts from June 1, 1932, to December 31, 1932, based upon fee books kept by him showing the earnings of his office. It also adduced evidence of alleged prior delinquencies for the purpose of proving motive, method and intent on the part of defendant affecting the items of shortage relied on by the state for conviction. The defendant denied all charges of misappropriation and stated that the fee books contained a record of all fees earned by the office, without showing what fees had been collected. He further stated

that only about ninety per cent of the fees shown on the books had in fact been collected. The court rejected evidence offered by defendant to prove that he failed to collect all fees shown on his fee books; and that he had expended substantial sums of money on behalf of the county for which he had not received credit. He also offered in evidence county warrants or orders belonging to him amounting to $1800.00 which had been issued in payment of salaries of his employees. The court refused to admit any of the warrants.

The defendant assigns error to the rulings of the trial court (1) in overruling his motion to exclude special counsel for the state from participating in the trial; (2) in overruling the motion for a continuance; (3) in permitting the state to introduce evidence of alleged delinquencies prior to June 1, 1931; (4) in rejecting the evidence of credits asserted by defendant against the county; (5) in granting improper instructions for the state; and (6) in rejecting legitimate instructions requested by the defense.

First. Section 6, article 7, chapter 7, Code 1931, requires the trial court to appoint an attorney to prosecute any case (within the jurisdiction of the prosecuting attorney) in which the court is of opinion it would be improper for the prosecuting attorney and his assistant (if he has one) to act, or the prosecuting attorney and his assistant are unable to act; and to recommend to the county court a reasonable allowance for the services rendered by such attorney to be paid out of the county treasury. The statute provides that nothing therein shall be construed to prohibit the employment by any person or persons of a competent attorney or attorneys to assist in the prosecution of any person or corporation charged with a crime. The order appointing the special counsel in this case recited, as grounds for the appointment, that there was an unprecedented amount of criminal and civil work devolving upon the prosecuting attorney and his assistant and that due to the peculiar nature of the charge in this and similar cases against other former

county officers, the prosecuting attorney and his assistant would be unable to act. Proof was offered by the defendant in support of his objection to the appearance of a special counsel for the state tending to show a want of necessity for the employment of special counsel to prosecute. No reason is advanced nor authority cited to support the motion of the defendant. Assuming that the employment of special counsel may entail unnecessary expense to the county, it does not seem that the defendant, for that reason, may, as a matter of right, enforce his objection to a multiplicity of prosecutors.

Second. In view of the fact, in evidence, that the defendant had been furnished copies of the audits of his accounts on which the state relied for conviction many months before the trial, the court did not err in refusing to grant a continuance. A motion for continuance is addressed to the sound discretion of the trial court, under all the circumstances of the case, and the overruling thereof will not be cause for reversal, except where the action of the court is plainly erroneous. *State* v. *Harrison*, 36 W. Va. 729, 15 S. E. 982; *State* v. *Jones*, 84 W. Va. 85, 99 S. E. 271.

Third. The evidence of alleged shortages in the accounts of defendant prior to June 1, 1931, was admissible for the purpose of showing motive, method and intent affecting the alleged subsequent items of delinquency relied on for conviction. "Upon a charge of embezzlement, other acts of similar character by the accused, so intimately connected with the one under investigation as to indicate general criminal design or system, are admissible." *State* v. *Rush*, 108 W. Va. 254, 150 S. E. 740.

Fourth. We are of opinion that the evidence of defendant tending to show good faith rejected by the court should have been admitted particularly in view of the wide range assumed by the evidence for the state. Great latitude is permitted in proving or disproving the element of intent in embezzlement cases. *State* v. *Moyer*, 58 W. Va. 146, 151, 52 S. E. 30; 20 C. J. 485.

Fifth. In dealing with the assignments relating to instructions, it seems that the most glaring error appears in the giving of state's instruction No. 3, wherein the jury was directed to convict the defendant if they found that he had failed to pay over to the sheriff all fees arising out of his office from June 1, 1931, to December 31, 1932, within thirty days after demand therefor by the county court or prosecuting attorney. This instruction is predicated upon section 32, article 1, chapter 59, Code 1931, which provides that a county officer, who fails to pay over moneys coming into his hands by virtue of his office within thirty days after demand upon him by the county court or prosecuting attorney, shall be guilty of embezzlement. The crime of embezzlement was unknown to the common law, and hence is purely statutory. The provision of the particular statute, strictly construed, must be looked to in order to determine whether an offense has been charged thereunder. *State* v. *Cantor,* 93 W. Va. 238, 116 S. E. 396. The Supreme Court of Indiana, in construing a statute similar to the one under consideration, providing that an agent failing to pay over money on demand is guilty of embezzlement, held that an indictment thereunder must contain, in addition to the words of the statute, an allegation of criminal intent. *Stropes* v. *State,* 120 Ind. 562, 22 N. E. 773, 775; *Collins* v. *State,* 192 Ind. 86, 131 N. E. 390. The reason for so holding is stated in the opinion of the first case as follows: " * * * if the funds which came into his hands were destroyed by the act of God; or if the safe in which he should place them should be robbed, and the money stolen, without his fault; or if he should deposit the same in a bank of good repute for solvency, and they should be lost, without his fault; or if, in the disbursement of the funds, he should make an honest mistake, and pay out more than he should have paid,—we do not think he would be liable to a criminal prosecution under this statute, and yet by the terms of the statute he would be liable. It is evident. therefore, that this statute is not to be construed in as broad a sense as its language would

imply, an indictment simply following its language is bad. We think that the indictment should have charged that the failure of the appellant to pay over to his successor in office the moneys remaining in his hands was felonious." Recognizing that some jurisdictions seem to take the position that it is unnecessary to allege or prove criminal intent in prosecutions for embezzlement under similar statutes, we adopt the view of the Indiana court as being more consistent with our practice and decisions, and therefore hold that the failure of defendant to respond to the demand for payment created only a *prima facie* presumption of guilt. *State* v. *Sixo*, 77 W. Va. 243, 87 S. E. 267; *State* v. *Jackson,* 100 W. Va. 543, 131 S. E. 11. The first case held that a statute providing that the possession of liquors "shall be conclusive evidence of the unlawful keeping, storing, and selling of the same by the person having such liquors in his possession" was unconstitutional.

Without dealing specifically with each of the numerous other instructions in question (except the one offered by defendant on circumstantial evidence), it is sufficient to restate the well defined essentials of embezzlement (under the general statute) detailed in *State* v. *Moyer,* cited, and subsequent cases, as follows: "In order to constitute the crime of embezzlement, it is necessary to show, (1) the trust relation of the person charged, and that he falls within that class of persons named; (2) that the property or thing claimed to have been embezzled or converted is such property as is embraced in the statute; (3) that it is the property of another person; (4) that it came into the possession, or was placed in the care, of the accused, under and by virtue of his office, place or employment; (5) that his manner of dealing with or disposing of the property, constituted a fraudulent conversion and an appropriation of the same to his own use, and (6) that the conversion of the property to his own use was with the intent to deprive the owner thereof." As there was partial reliance on circumstantial evidence

for conviction, the instruction requested by defendant on circumstantial evidence should have been given.

We, therefore, reverse the judgment complained of, set aside the verdict and award a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*