STATE OF WEST VIRGINIA *v.* R. E. TURNER

(No. 8361)

Submitted September 29, 1936. Decided December 8, 1936.

*Grover C. Trail* and *J. Q. Hutchinson,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

WOODS, JUDGE:

R. E. Turner complains of the action of the circuit court of Raleigh County in affirming a judgment of the criminal court of said county, sentencing him to two years in the penitentiary, after conviction under an indictment charging him with embezzlement and larceny of $5,887.00 of good and lawful money of the United States of America, belonging to the State of West Virginia.

The count seems to have been premised on the status of defendant's capitation tax ticket account with the tax commissioner, the former being charged with embezzlement of capitations in an amount determined by taking the difference between tickets delivered to, and returned by, him, less commissions, and a payment of $3,500.00 on account. The state showed, by various deputies, that they had accounted to defendant in a sum totalling $3,000.00. Also, a letter of doubtful evidentiary value, addressed to the bonding company, to effect that his account was short, was introduced. Defendant introduced evidence of good character.

The indictment in this case, as in *State* v. *Jackson Smith,* 117 W. Va. 598, 186 S. E. 621, was in statutory form. And, from a consideration of the instructions, it is apparent that the instant case was tried on the same theory, i. e., that proof of failure to pay over moneys coming into a person's hands by virtue of his office, as charged in the indictment, is conclusive on the question of guilt.

We held in the *Smith* case, point 2, syllabus, "Section 32, article 1, chapter 59, Code 1931, providing that a county officer who fails to pay over money coming into his hands by virtue of his office within 30 days after demand on him by the county court or prosecuting attorney shall be guilty of embezzlement, should be construed as stating a case of *prima facie* and not of conclusive guilt." The foregoing holding is equally applicable to embezzlement under Code 1931, 11-7-1, relating to assessors.

In view of the foregoing, State's instruction No. 3 is bad. It told the jury, in effect, that if they believed from all the evidence in the case that the defendant failed to account for, and turn over within the time as fixed by law, any money or moneys received or collected by him during the year 1932 as capitation tax for State School purposes, then it was their duty to find the defendant guilty as charged in the indictment. This instruction precluded the jury from weighing the question of intent.

We are also of opinion that the court erred in refusing defendant's instruction No. 8, inasmuch as the case was partially based on circumstantial evidence.

The judgment is therefore reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*