PORTER, Price Administrator, v.
TUREEN et al.
No. 4369.

District Court, E. D. Missouri, E. D.
Nov. 1, 1946.

George L. Robertson, Dist. Enforcement Atty., James D. Dockery, Dist. Litigation Atty., and Tom R. R. Ely, Enforcement Atty., all of St. Louis, Mo., for plaintiff.

Martin A. Rosenberg, of St. Louis, Mo., for defendants.

HULEN, District Judge.

Plaintiff seeks treble damages against the defendants for alleged rent · overcharge, sec. 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and Section 1(4) of the Rent Regulation for Housing, 8 F.R. 7322. The sole question presented is whether or not the operation of the defendant Tureen, as shown by the record (Attachment "A"), falls within the regulation or is exempt under Section 1(4), Rent Regulation for Housing.

During the ·period covered by the complaint defendant Tureen rented property located at 4250 and 4260 Lindell Boulevard to a tenant who operated the rented property as a rooming house. 4250 Lindell has twenty rooms, consisting of first, second and third floors, and basement, and 4260 Lindell has seven rooms on the third floor. The tenant owned the furniture and operated the twenty-seven rooms as a rooming house, paying a stipulated rental for the premises described. The rental included heat. 4260 Lindell was on a different light meter from 4250 Lindell. There are two apartment houses between 4250 and 4260 Lindell. All the buildings are of the same type of construction and are the same in outward appearance. The premises have been sold a number of times and each time they were sold as a unit. The evidence indicates, although it is not positive, that the twenty-seven rooms, as described, were operated as a rooming house prior to the effective date of the rental regulations. There is no evidence that the grouping of the premises to make the twenty-seven rooms was for the purpose of avoiding rent regulations. The proof indicates that a rooming house was originally started on the first floor of 4250 Lindell and gradually expanded to take in the second and third floors and the basement, and when additional space was desired for the rooming house the first vacancy was the third floor of 4260, and in that manner that unit was added to the rooming house. It is the plaintiff's position that because the rooming house business is carried on in two "structures" and neither "structure" has over twenty-five rooms, that the Rent Regulation applies, while defendant contends that the entire twenty-seven rooms although in two "structures" are on the same premises and therefore exempt.

The provision of the Rent Regulation for Housing upon which the plaintiff relies, Section 1(4), is as follows:

"This regulation does not apply to the following:

\* \* \* \* \* \*

"(4) Structures in which more than 25 rooms are rented or offered for rent. Entire structures or premises wherein more than 25 rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises: Provided, That this regulation does apply to entire structures or premises wherein 25 or less rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises, whether or not used by the lessee, sublessee or other tenant as a hotel or rooming house: And provided further, That this regulation does apply to an underlying lease of any entire structure or premises which was entered into after the maximum rent date and prior to the effective date of regulation, while such lease remains in force with no power in the tenant to cancel or otherwise terminate the lease."

It is apparent that the term "structure" will not include the operation of the defendant and if the Regulation contained alone that term the plaintiff's position would be sound, but the Regulation, in addition to the word "structure" uses the language "or premises" and it is this term which must be given construction in the present case. Eliminating the term "structures" from the language of the Regulation it would read as follows:

"This regulation does not apply to the following:

\* \* \* \* \* \*

"(4) Entire \* \* \* premises wherein more than 25 rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire \* \* \* premises:"

The term "premises" has a broad and varied meaning and its interpretation in a given case is to a great extent governed by the context. In Comeaux v. State, 118 Tex.Cr.R. 223, 42 S.W.2d 255, it was held that an affidavit describing property as "place and premises" located at a certain street number authorized search of the garage located on the same lot as house and used as dwelling place. In State v. Jackson, 100 W.Va. 543, 131 S.E. 11, it was held

that "premises" means land and building structures thereon. In City of Newark v. Lippmen, 177 A. 556, 13 N.J.Misc. 248, the Court defined "premises" as meaning land with its appurtenances. A similar definition will be found in McSherry v. Heimer, 132 Minn. 260, 156 N.W. 130. In Robinson v. State, 143 Miss. 247, 108 So. 903, the Court held that "premises" signifies a distinct and definite locality. There are many cases along the lines of those cited but we think the authorities to which we have directed attention are sufficient to indicate that the word "premises" is a broader term than "structure" and can reasonably be held to mean, in the present case, the structures located on a certain premises or locality. Had the framers of the rule intended that before a lease covering a rooming-house operation would be exempt from the Regulation, that an excess of twenty-five rooms must be located in one structure, there would have been no occasion to add, following the word "structure," the words "or premises." The addition of the latter two words evidences to this Court that it was not the purpose of the framers of the rule to require that all twenty-five rooms be located in one structure, but that they must be in one locality and on the same premises. We assume the reason for the exemption is that a person engaged in renting more than twenty-five rooms in one structure on the same premises is engaged in the business of operating a rooming house, rather than the renting of rooms as an incident to some other occupation or in connection with a home. If the Court is right in this conclusion then the fact that the rooming-house business was operated by having the rooms in excess of twenty-five located in more than one building, if on the same premises, would not destroy the rooming-house business as such. It might add to the inconvenience of the operation, nevertheless it would be a rooming-house business.

Plaintiff argues that the interpretation indicated above would permit evasion of the Regulation by permitting the lessor to lease houses in different localities to the same person with each house containing less than twenty-five rooms, but because they were leased to the same person and

all used for rooming houses they would be exempt from the Regulation. The Regulation does not permit of such an interpretation because under the hypothetical case presented the structures would be on separate premises or localities and not, as in the present case, located on the same locality or premises.

### Findings of Fact.

(1) Defendant Bernard H. Tureen is a resident of St. Louis County, Missouri.

(2) The housing accommodations involved in this cause are located in the City of St. Louis, Missouri.

(3) The housing accommodations are within the St. Louis Defense-Rental Area.

(4) The housing accommodations rented by defendant as landlord and owner, located at 4250-60 Lindell Boulevard, contain in excess of twenty-five rooms and were, during said period of February 28, 1945, to July 16, 1945, and long prior thereto, rented as one unit, and used, occupied and operated by the lessee as a rooming house, renting in excess of twenty-five rooms.

(5) Landlord defendant in good faith rented said premises and the structures located thereon, described in the complaint as 4250-60 Lindell Boulevard and consisting of in excess of twenty-five rooms, and offered same for lease as one unit on said premises to the tenant for the purpose of operating a rooming house.

(6) The structures on said premises are all of the same type, are heated from one 'unit, have from time to time been sold and transferred as one unit, and constitute one locality or premises. The operation of the rooming house is in two structures located on the same premises, consisting of first, second and third floors and basement at 4250 Lindell Boulevard and the third floor of 4260 Lindell Boulevard. The two structures on the same premises contain twenty-seven rooms and the occupancy of the premises consisting of twenty-seven rooms was a gradual process as the rooming-house operations expanded. The furniture in the premises operated as a rooming house is owned by the tenant, and said furniture and said rooming-house business has been sold from time to time in good faith as a rooming-house business.

### Conclusions of Law.

(1) The leasing or offering for rent of the premises described in the complaint is not subject to regulation under the Rent Regulation for Housing because the entire structures or premises contain in excess of twenty-five rooms rented and offered for rent by defendant lessee of such entire structures or premises.

(2) There is no proof of violation by defendant of the provisions of the Emergency Price Control Act of 1942 or the Rent Regulation for Housing, as amended, 8 F.R. 7322.

(3) The Court has jurisdiction of this cause.

Let judgment be settled accordingly and presented.