## LAND v. UNITED STATES.

### No. 5924.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 3, 1949.

Decided Oct. 7, 1949.

C. T. Graydon, Columbia, S. C. (John Grimball, Columbia, S. C., on brief), for appellant.

Ben Scott Whaley, U. S. Atty., Charleston, S. C. (Louis M. Shimel, Asst. U. S. Atty., Charleston, S. C., on brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Appellant, Henry Land, was tried before a jury in the United States District Court for the Eastern District of South Carolina upon an indictment alleging a violation of Section 2913 of the United States Internal Revenue Code, 26 U.S.C.A. § 2913. The first count of the indictment charged Land with the removal of distilled spirits to a place other than to a bonded warehouse for the purpose of defrauding the United States of taxes. In the second count, Land was charged with concealing distilled spirits with the intent of defrauding the United States of taxes.

Martha Land, wife of Henry Land, was tried with him as a codefendant. The jury returned a verdict of not guilty as to Martha Land. Upon the jury's verdict of guilty as to Henry Land, he was sentenced to imprisonment for two years and he has duly appealed.

Appellant sets forth three grounds on which he seeks a reversal of the judgment below: (1) The introduction of evidence by the Government as to matters not included in either the indictment or the bill of particulars; (2) The failure of the District Judge to direct a verdict in favor

348

of appellant's wife, who was acquitted by the jury; and (3) The failure of the District Court to order a mistrial because defendant was asked about the forfeiture of his automobile in a previous civil proceeding.

The indictment charged appellant with removing and concealing three gallons of distilled spirits, while the Government introduced evidence showing the removal and concealment of much larger quantities of distilled spirits. In addition to proving overt acts on dates set out in the bill of particulars, the Government also introduced evidence showing overt acts of removing and concealing distilled spirits on dates which varied slightly from the dates set out in the bill of particulars. We find here no ground justifying a reversal.

We discuss briefly the three cases cited by appellant in this connection. In Terry v. United States, 9 Cir., 7 F.2d 28, the appellant was charged with entering into a conspiracy to violate the National Prohibition Act, 27 U.S.C.A. § 1 et seq., at Allen's Wharf on November 1, 1921, while the Court permitted testimony showing appellant had entered into a conspiracy to violate this law six months previously at Bodega Bay. This is indeed a far cry from the instant case. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314, merely states the broad and well known rule "that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial." In that case (295 U. S. at page 84, 55 S.Ct. at page 631) Mr. Justice Sutherland stated (applying Section 269 of the Judicial Code) "the variance was not prejudicial and hence not fatal." Nor is appellant here helped by the general language as to the function of a bill of particulars used by Circuit Judge Kerner in United States v. Glasser, 7 Cir., 116 F.2d 690, 702, where the bill of particulars was held to be sufficient.

On the other hand, concealing liquor fraudulently is a continuing offense. Marron v. United States, 9 Cir., 8 F.2d 251, 254. In Jones v. United States, 4 Cir.,

296 F. 632, 633, Circuit Judge Woods, speaking for our Court, said: "Conviction on the charge of having in possession intoxicating liquor on May 2, 1922, was sustained by proof of possession at any time before the finding of the indictment." In Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 776, 42 L.Ed. 1162, Mr. Justice Brown said: "Good pleading undoubtedly requires an allegation that the offense was committed on a particular day, month, and year, but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations will be sufficient." See, also, Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; Miller v. United States, 57 App.D.C. 228, 19 F.2d 702; United States v. Wodiska, 2 Cir., 147 F.2d 38, 39; Rosenblatt v. United States, 2 Cir., 271 F. 435, 438.

As the District Judge below said: "I don't think the exact amount is the gist of the case. In other words, it would be just as illegal for fifty gallons as it would be with two." We point out, further, that the variations between the dates alleged in the bill of particulars and the dates of the additional overt act proved by the Government were very slight. The indictment and the bill of particulars fairly appraised the defendant of the crimes with which he was charged so that he cannot fairly claim any element of surprise which would justify a reversal.

Bills of particulars in criminal cases in federal courts are governed by Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which the Advisory Committee states is substantially a restatement of existing law on bills of particulars.

"The application (for a bill of particulars) is one which is addressed to the discretion of the trial court, which should keep in mind and balance one against the other both the fact that the defendant is

entitled to enough detail to enable him to meet the charges and prepare for trial and the fact that the Government should not be unduly limited in the scope and presentation of its evidence offered at the trial in support of the offense charged in the indictment." United States v. McKay, D.C. E.D.Mich. 1942, 45 F.Supp. 1001, 1004; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. Once obtained, " * * * it concludes the rights of all parties who are to be affected by it, and he who has furnished the bill of particulars under it, must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration." Commonwealth v. Giles, 1854, 1 Gray 466, 469, 67 Mass. 466, 469; Commonwealth v. Snelling, 1834, 15 Pick 321, 32 Mass. 321; United States v. Gouled, D.C., 253 F. 239; see also, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, modifying United States v. Glasser, 7 Cir., 116 F.2d 690; Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799; United States v. Adams Express Co., D.C.Iowa, 119 F. 240; sec. 390 Houseland Walser, Defending and Prosecuting Federal Criminal Cases (1938).

Accordingly, where time is of the essence because of the nature of the alleged crime, evidence tending to prove other similar acts has been excluded. In State v. Smith, La. 1934, 179 La. 614, 154 So. 625, which arose under an indictment for carnal knowledge, the bill of particulars specified April 28 as the date upon which the alleged act occurred and the court held that the proof was thereby restricted to the date specified in the bill of particulars. Similarly, where a bill of particulars confines embezzlement to a specific month, proof of embezzlement during some other month will not warrant a conviction. Smith v. State, Fla.1927, 93 Fla. 238, 112 So. 70. Also, it was reversible error for the trial court in a rape case to admit evidence tending to prove another act of the same nature unrelated to the act specified in the bill of particulars. Lovely v. United States, 4 Cir., 169 F.2d 386.

Other similar instances, however, may be shown as corroborative evidence in certain factual situations. In State v. De Arman, 153 La. 345, 95 So. 803, 804, involving an indictment for the possession of intoxicating liquor, the court stated:

"We think the accused was entitled to know * * * the place where he was charged to have possessed the liquor. It is true, as stated by the lower judge, that possession is a continuing fact, but one may possess such liquors at any number of places in the course of a day, such possession may be actual or constructive, and he should be reasonably informed of the place and circumstances upon which the state will rely, in order that he may be prepared to meet or rebut the proof submitted by the state. See State v. Rollins, 153 La. 10, 95 So. 264. * * *

"With reference to the time * * * we think that was sufficiently alleged, for the trail court, we assume, would and did confine the state, in so far as the offense was concerned, to the day charged, although it might be shown, as corroborating evidence to support the conviction as of that date, that the same liquor was possessed within a reasonable time before the date charged. But we do not think the state was required to allege in detail whether it was day, night, or the particular hour."

Similarly in a prosecution for embezzlement, evidence of alleged shortages in accounts before the date specified in the bill was held admissible to show motive, method and intent affecting alleged subsequent items of delinquency relied upon for conviction. State v. Smith, W.Va. 1936, 117 W.Va. 598, 186 S.E. 621.

Appellant in the instant case cannot validly seek a reversal on the ground of the court's refusal to direct a verdict in favor of his wife, when she was acquitted by the jury. There was some evidence of overt acts committed by the wife when appellant was not present. Further, had the court directed a verdict in favor of the wife on the ground that acts committed by her in appellant's presence were presumed to be due to the coercion of appellant, her husband, this would have warranted the jury in holding the appellant responsible not only for his own acts but also

for the acts of the wife committed in his presence.

Appellant's final point is that the court erred in failing to declare a mistrial by virtue of certain questions put to the appellant on cross-examination, relating to the forfeiture of an automobile in a previous proceeding. We append the precise questions and answers:

"Q. You don't know who owned that land? A. No sir.

"Q. And you haven't found out? A. I haven't found out, no, sir.

"Q. Your case has been pending up here every term of court for how long? A. About three years.

"Q. About three years, and you ain't found out yet who owned the land right there where you say you quit off having anything to do with? A. That's right.

"Q. And we went through that down in Aiken about six weeks ago, or a month ago, and you were asked about this same liquor and that turn-around, and since then you haven't tried to find out who did have control of that land in there between where you say you didn't and the swamp? A. It didn't concern me. I didn't figure it did, so I didn't ask whose land it was.

"Q. You mean you didn't think it concerned you when from the testimony about you did have to do with that a jury took your car away from you?

"Mr. Graydon: Your Honor, we object to that. We ask your Honor to strike it and to tell the jury to disregard it. That's got nothing to do with this case at all, and it's highly prejudicial.

"The Court: This is a criminal case and the other was a civil case.

"Mr. Graydon: And we ask your Honor at this time to grant us a mis-trial because we think that is highly prejudicial.

"The Court: No, I won't grant a mistrial. Disregard that testimony, Gentlemen of the Jury.

"Mr. Eden: From the questions that were asked at the last trial about an automobile, is that permissible, your Honor?

"The Court: I don't know.

"Mr. Graydon: We object, your Honor.

"Mr. Edens: From the last trial, then.

"Mr. Graydon: We object, your Honor. We think it's highly prejudicial.

"Mr. Edens: Let me ask the question.

"By Mr. Edens:

"Q. From the questions asked on a previous occasion, have you not bothered yourself since then to find out who had control of this land behind your barn that you now say you didn't have any control of? A. No, sir, I haven't.

"Mr. Graydon: We object to that question. Don't answer it.

"Mr. Edens: He's done answered it.

"The Court: He's answered it and I'll permit it."

■ While we think counsel for the Government could justly have been rebuked by the court for attempting to go into this subject again, after the court had instructed the jury to disregard the evidence as to the forfeiture of the automobile, we still think here was no ground for a reversal. And the appellant's answer to the renewed question was merely an affirmation of what he had said before.

■ The scope of cross-examination and the ordering of mistrial under circumstances such as these are peculiarly with the discretion of the trial judge. Only when there has been a very clear abuse of this discretion, which was not the case here, should the appellate court reverse.

In United States v. Goodman, 7 Cir., 110 F.2d 390, 394, 395, Circuit Judge Treanor said:

"It is peculiarly within the knowledge of the trial judge whether remarks of counsel during the trial tend to prejudice the cause of a party. The courtroom atmosphere, the prior remarks which have provoked the questioned statements, and other factors which cannot be appraised by a reviewing court may render remarks of counsel innocuous, although they may appear viciously prejudicial when removed from their setting. * * *

"Ordinarily the trial court's instructions avert any possibility of injury to a party's cause from improper remarks of counsel. And in the exceptional case reviewing

courts must rely largely on the trial court's judgment respecting the need of special action to avert injury."

In Breedin v. United States, 4 Cir., 73 F.2d 778, 780, Circuit Judge Parker, speaking for our Court, stated: "While we do not approve the reference in the question to a prior indictment of appellant, the question and answer could not be held prejudicial, even if exception had been duly taken, in view of the overwhelming evidence as to appellant's guilt." See, also, Hilliard v. United States, 4 Cir., 121 F.2d 992, 997; Stunz v. United States, 8 Cir., 27 F.2d 575, 578; Francis v. United States, 3 Cir., 152 F. 155, 157.

Counsel for appellant does not question the sufficiency of the evidence to justify the jury's verdict of guilty against appellant. In spite, then, of the ineptness of counsel for the Government in drafting the indictment and the bill of particulars and in improperly attempting to renew a question as to the forfeiture of appellant's automobile, we think, for the reasons stated, the judgment of the District Court must be affirmed.

Affirmed